LOUIS SACHS, ADMINISTRATOR d.b.n.-c.t.a. OF THE ESTATE OF MARGOT L. ORECK, v. DOROTHY B. JENISTA AND OTHERS.

210 N. W. 2d 45.

June 29, 1973—No. 43933.

*Sachs, Latz & Kirshbaum* and *Louis Sachs*, for appellant.
*Hosmer A. Brown*, for respondents.

Heard before Knutson, C. J., and Peterson, Todd, and MacLaughlin, JJ.

Per Curiam.

This is an action brought by plaintiff, Louis Sachs, for an accounting of the assets of a partnership which dissolved and was succeeded by various corporate entities. The trial court granted summary judgment in favor of defendants. We affirm.

The issue on appeal is the applicability of estoppel by former verdict.[1]

Plaintiff is the administrator d.b.n.-c.t.a. of the estate of Margot L. Oreck. In 1949, Marvin Oreck, Margot Oreck's husband, owned 80 percent of a partnership in a clothing business with defendant Dorothy Jenista, who held the remaining 20-percent interest. Upon Mr. Oreck's death in 1952, Mrs. Oreck continued the business on a limited partnership basis with Mrs. Jenista. In 1955, the partnership was converted into a corporation. Thereafter, the business moved to Southdale, where it became a tenant of The Dayton Company. In the years 1956, 1957, and 1958, the business sustained losses which exceeded its assets. All of the stock in the corporation, which had already been pledged to The Dayton Company, was assigned to Dayton's in lieu of foreclosure in 1959. Two years later the corporation was dissolved, and the business was operated as a division of The Dayton Company under the name of Marvin Oreck. During the life of the corporation, Mrs. Jenista acted as its president. Mrs. Oreck was secretary and was employed only on a part-time basis. After the corporation was dissolved, they continued on as employees of Dayton's at reduced compensation.

On December 10, 1962, The Dayton Company offered Mrs. Jenista, as president of the Oreck division, an option to repurchase the business. It was proposed by Dayton's that a new corporation be formed.

In 1965, pursuant to the option, a new Marvin Oreck company called Marvin Oreck, Inc., was incorporated by The Dayton Company, and in December of that year the new company purchased from Mrs. Oreck the right to use the name "Marvin Oreck," for which Mrs. Oreck was paid $3,500 a year for life. In addition, Mrs. Oreck loaned the company $10,000, which was repaid after her death. In 1966, Mrs. Jenista bought all of Dayton's stock in the new corporation for the sum of $49,000.

On November 28, 1966, Mrs. Oreck died. The partnership and its successor corporations owned as a business asset an insurance policy on Mrs. Oreck's life. In an action brought by Marvin Oreck, Inc. (prior to the instant action) to determine whether Marvin Oreck, Inc., or Mrs. Oreck's estate was the beneficiary, the trial court found for the corporation, and on appeal, we affirmed. Marvin Oreck, Inc. v. Connecticut General Life Ins. Co. 290 Minn. 23, 186 N. W. 2d 673 (1971). In that case, Mrs. Oreck's estate claimed there was a breach of fiduciary duty owed

---

[1] Estoppel by former verdict is also known as "collateral estoppel," see, e. g., Howe v. Nelson, 271 Minn. 296, 301, 135 N. W. 2d 687, 691 (1965); and as "issue preclusion," see, e. g., State of Michigan v. Morton Salt Co. 259 F. Supp. 35, 65 (D. Minn. 1966).

by Mrs. Jenista to Mrs. Oreck arising out of their relationship as partners. We held that the trial court's finding that Mrs. Jenista did not violate a fiduciary duty to Mrs. Oreck was sustained by the evidence.

In this case, plaintiff again alleges a breach of fiduciary duty owed by Mrs. Jenista to Mrs. Oreck. We agree with the trial court that "[r]elitigation of this issue would serve no purpose and is not required by law."

Under the doctrine of res judicata through estoppel by verdict, parties to an action may be estopped from relitigating issues in a subsequent action that were raised and determined in a prior action. Apart from the general requirements regarding identity of parties and the finality of adjudication, application of the rule requires the party asserting it to establish that the precise question was in fact presented and necessarily determined by the verdict in the former trial. Brooks Realty, Inc. v. Aetna Ins. Co. 268 Minn. 122, 128 N. W. 2d 151 (1964); 10B Dunnell, Dig. (3 ed.) § 5162; 2 Pirsig's Dunnell, Minn. Pleading (4 ed.) § 2054; Restatement, Judgments, § 68.

Plaintiff's main contention on appeal is that determination of the issue of breach of fiduciary duty was not necessary to the former judgment. Certainly, however, we viewed the issue as necessary since we stated in our opinion affirming the former judgment (290 Minn. 25, 186 N. W. 2d 674):

"* * * The *basic* issue is whether in repurchasing the business, which had become insolvent, one of the partners [Mrs. Jenista] was guilty of a breach of fiduciary duty by failing to make a full disclosure and by denying the other partner [Mrs. Oreck] an adequate opportunity to participate in the reacquisition." (Italics supplied.)

We also said (290 Minn. 27, 186 N. W. 2d 676):

"The *principal* ground for recovery advanced by Mrs. Oreck's estate is the claim that there was a breach of fiduciary duty owed by Mrs. Jenista to Mrs. Oreck arising out of their relationship as partners. In essence, defendant depicts Mrs. Oreck as an unstable, inexperienced alcoholic who had no understanding of her rights, who was not represented by counsel, on whom Mrs. Jenista imposed, and from whom she wilfully concealed the contents and import of the [repurchase] option agreement." (Italics supplied.)

Since the issue of breach of fiduciary duty was previously litigated and determined unfavorably to plaintiff, and since that issue was necessary to the previous judgment, the trial court properly found that plaintiff is barred from relitigating the issue in the instant case.

After examining the findings in the previous case, we believe that those findings also preclude any action plaintiff might have had based on his allegations that Mrs. Jenista recklessly mismanaged the affairs of the business. We have considered other contentions of plaintiff and find them without merit.

Affirmed.