**Paul HAUSER, Individually and as Co-Executor of the Estate of Cleo Mealey, Deceased, Appellant,**

v.

**William MEALEY, Respondent.**

**No. 47192.**

Supreme Court of Minnesota.

Feb. 17, 1978.

Dickel, Johannson, Wall & Taylor and Kenneth F. Johannson, Crookston, for appellant.

Lundrigan, Hendricks & Lundrigan and Don D. Lundrigan, Pine River, for respondent.

Heard before TODD, SCOTT and IVERSON, JJ., and considered and decided by the court en banc.

IRVING C. IVERSON, Justice.*

This appeal involves an action for reformation of deeds conveying real property in Hardin County, Iowa, for damages for breach of contract for failure to restore real estate owned prior to coverture, and for damages based upon the alleged fraudulent conduct of defendant.

■ The facts and procedural history of this case are somewhat involved and confusing, and a thorough understanding of them is required before a proper determination of this case can be made.[1]

Defendant, William Mealey, married Cleo Hauser (Cleo Mealey) on June 3, 1961, in Walker, Minnesota. At the time of their marriage, defendant was 57 and his wife was 51 years of age. Prior to their marriage, Cleo Mealey owned 120 acres of land in Hardin County, Iowa. William Mealey owned two parcels of rural property in Wright County, Minnesota. On or about October 16, 1962, Cleo and William Mealey transferred these parcels to each other by "conduit" deeds, thereby becoming owners of all of the land as joint tenants.

Prior to July 1972, an action for divorce was commenced by Cleo Mealey praying for an absolute divorce from William Mealey and asking that the property that she owned prior to her marriage be restored to her. For reasons that are unclear, the divorce action was dropped by both parties. On July 11, 1972, the parties orally agreed that each would restore to the other party the property each had owned prior to their marriage. To implement this agreement, Cleo Mealey's attorneys prepared "conduit" deeds for conveyance of the Iowa land. The deeds described the real estate to be conveyed as follows:

"An undivided half of the following:

"The north half of the southeast quarter and the northeast quarter of the southwest Quarter (N ½ SE ¼) and NE ¼ SW ¼), (except the C. & N. W. Railway Company right-of-way), all in Section Eleven (11), Township Eighty-six (86) North, Range nineteen (19) West of the 5th P. M., Hardin County, Iowa."

Cleo and William Mealey both signed a deed bearing this description and transferred that deed to a third-party strawman who then reconveyed the interest to Cleo Mealey. Plaintiff alleges that the intended result was that Cleo Mealey would obtain the entire fee simple interest in the Iowa property. The above described transaction clearly failed to achieve that purpose. In fact, defendant has retained a ¼ undivided interest in the 120-acre tract of Iowa land.

In 1973, a second divorce action was begun and was heard in Cass County Court. A default decree based on the parties' earlier agreement that each should transfer back to the other the land each had owned prior to their marriage was entered. Again, the Iowa land was improperly described as a "½ interest in N ½ SE ¼, Sec. 11–86–19, Hardin County, Iowa."[2]

---

* Acting as Justice of the Supreme Court by appointment pursuant to Minn.Const. art. 6, § 2, and Minn.St. 2.724, subd. 2.

1. We have not been provided with a transcript of these proceedings, but the facts as stated by the parties in their briefs are largely uncontroverted. An appeal to this court had been previously filed by the same parties, and we base our statement of the facts on the records and briefs filed in both appeals. Additionally, since this action was dismissed by the district court on a summary judgment, the facts asserted by plaintiff must be taken as true for the purposes of this appeal.

2. This description was found in the court's findings of fact accompanying the order for judgment of October 2, 1973. It must be noted that a description of this land was not included in the actual divorce decree of the same date. Apparently the parties believed that Cleo Mealey already owned the property and reference to it in the decree would not be needed.

From July 15, 1972, until her death in Walker, Minnesota, on April 1, 1974, Cleo Mealey had been in quiet possession of the entire 120 acres of Iowa land. The alleged error in the descriptions of the Iowa land was not discovered until probate proceedings were commenced in Minnesota and in Iowa.[3]

In order to eliminate the errors in the deeds and divorce decree, plaintiff brought an action in Cass County Court to amend the divorce findings and decree based on Rule 60.01, Rules of Civil Procedure. Plaintiff's motion was denied on March 18, 1975, and no appeal was taken from that order.

On June 18, 1975, a second action was brought in Cass County Court, asking for the same relief as before, this time alleging Rule 60.02, Rules of Civil Procedure, as an additional basis for relief. Defendant argued this action on its merits and asserted that the doctrine of res judicata prevented the county court from granting the requested relief. The matter was fully litigated and on August 5, 1975, the motion to amend the divorce decree was again denied.

On November 28, 1975, plaintiff appealed the August 5, 1975, county court order to district court. On January 7, 1976, the district court granted defendant's motion for a summary judgment and dismissed plaintiff's appeal.

On April 13, 1976, leave to appeal to the Supreme Court from the district court's decision was denied by this court, and plaintiff's petition for rehearing was denied on July 9, 1976.[4]

Plaintiff brought the present action in district court on February 2, 1976, attacking the two "conduit" deeds rather than the divorce decree. Plaintiff is seeking reformation of those deeds and further claims damages for breach of contract and for fraud. Plaintiff claims that by reason of an alleged mistake in the "conduit" deeds and divorce decree, defendant retained an undivided interest in the 120-acre tract of Iowa land.

Following a hearing, the district court on September 8, 1976, granted defendant's motion for summary judgment. The district court found that plaintiff's claims were precluded by the earlier county court decisions which are thus res judicata.

The issue on appeal in this case is whether two judicial orders denying plaintiff's motion to amend a divorce decree make his separate action for reformation of the deeds, and damages for breach of contract and fraud subject to the defense of res judicata.[5]

The effect of res judicata on a judgment or final order has at least two distinct and important aspects: (1) merger or bar; and (2) collateral estoppel. The principles of merger and bar operate where a subsequent action or suit is predicated on the same cause of action which has been determined by a judgment, no matter what issues were raised or litigated in the original cause of action. 10B Dunnell, Dig. (3 ed.) § 5163. On the other hand, the principle of collateral estoppel operates as to matters which were actually litigated and determined by, and essential to, a previous judgment, irrespective of whether the subsequent action is predicated upon the same or a different cause of action. Id. § 5162. In short, one stands for claim preclusion, the other for issue preclusion. It is essential to bear this distinction in mind in determining the issue in this case.

3. In her last will and testament, Cleo Mealey devised to her brother, Hillis H. Hauser, the following described land: "An undivided half of the following:

"The N ½ SE ¼ and NE ¼ SW ¼ (except the C. & N. W. Railway Company right of way) all in Section 11, Township 86, Range 19."

4. See, Supreme Court File No. 46600.

5. Plaintiff appears to be appealing both this case, Supreme Court File No. 47192, the summary judgment of his action for reformation, and damages for breach of contract and fraud, as well as Supreme Court File No. 46600, the denial of his county court motion to amend the divorce decree. The latter case is clearly not appealable. Because plaintiff was given a full opportunity to litigate that case and his appeal has been denied in this court, no further consideration will be given to that case.

In considering this case, we must determine whether the previous county court orders act as a bar to plaintiff's present district court suit. If they do, this case must be settled in favor of defendant and the question of whether the county court orders also operate by way of collateral estoppel to preclude the issues actually litigated and determined becomes immaterial. On the other hand, if the county court orders do not operate as a bar to plaintiff's present suit, they still may preclude the present suit by way of collateral estoppel if the issues actually litigated and determined by the county court orders were essential to plaintiff's subsequent district court action.

 1. *Merger and Bar.* It is well established in Minnesota that a party "should not be twice vexed for the same cause, and that it is for the public good that there be an end to litigation." *Shimp v. Sederstrom*, 305 Minn. 267, 270, 233 N.W.2d 292, 294 (1975). To that end, a plaintiff may not split his cause of action and bring successive suits involving the same set of factual circumstances. In *The Youngstown Mines Corp. v. Prout*, 266 Minn. 450, 466, 124 N.W.2d 328, 340 (1963), we stated:

"'A judgment on the merits constitutes an absolute bar to a second suit for the *same cause of action*, and is conclusive between parties and privies, not only as to every matter which was actually litigated, but also as to every matter *which might have been litigated therein.*'"

The actions brought by plaintiff both in county court and in district court appear to arise out of the same set of factual circumstances—the parties' agreement to return to each other the land owned by each of them prior to their marriage and the errors in the deeds resulting in a failure to carry out the intended agreement. Defendant argues that when plaintiff brought his original action in county court, he could have, or should have, asserted all of his claims arising out of this factual situation at that time. Thus, it is contended that plaintiff should be barred from asserting his claims for reformation of the deeds and for damages for breach of contract and fraud in this action because these matters "might have been litigated" in the earlier action. *Sheets v. Ramer*, 125 Minn. 98, 145 N.W. 787 (1914); *Klinkert v. Streissguth*, 155 Minn. 388, 193 N.W. 687 (1923).

Although this argument is ostensibly sound, it is erroneous for several reasons. Defendant fails to consider that the county court is a court of limited jurisdiction.[6]

**6.** Minn.St. 487.14 provides: "The county court shall have exclusive original jurisdiction in the following cases:

"(a) In law and equity for the administration of estates of deceased persons and all guardianship and incompetency proceedings;

"(b) The jurisdiction of a juvenile court as provided in chapter 260;

"(c) Proceedings for the management of the property of persons who have disappeared, and actions relating thereto, as provided by chapter 576."

Minn.St. 487.15 provides: "The county court may hear, try, and determine actions at law in which the amount in controversy does not exceed the sum of $5,000, exclusive of interest and costs, except for causes involving title to real estate."

Minn.St. 487.16 provides: "The county court shall also have jurisdiction in all civil and criminal cases now residing in municipal courts as provided in chapter 488, except that notwithstanding any law to the contrary, no county court shall have gross misdemeanor jurisdiction."

Minn.St. 487.17 provides: "Whether or not title to real estate is involved, the county court has jurisdiction of actions of forcible entry and unlawful detainer or actions for unlawful removal or exclusion pursuant to section 504.25, involving land located wholly or partly within the county court district and of actions seeking relief for code violations pursuant to sections 566.18 to 566.33 involving premises located wholly or partly within the county court district."

Minn.St. 487.18 provides: "(a) The county court has jurisdiction to hear, try and determine any charge of violation of

"(1) a criminal law of this state constituting a misdemeanor committed within the county court district; of

"(2) any ordinance, charter provision, rule or regulation of any subdivision of government in the county court district.

"(b) The county court has jurisdiction to conduct preliminary hearings and to exercise all judicial powers incident to preliminary hearing proceedings on the charge of violation of any criminal law committed within the county court district.

Plaintiff's original actions in county court sought to amend a divorce decree under Rules 60.01 and 60.02. The county court had the power to hear those actions.[7] Plaintiff's instant case involves an action for reformation of deeds and damages for breach of contract and fraud in amounts greater than $5,000. Because of the limitation on the county court's power to hear and decide cases, plaintiff could not have brought this action at the county court level. Furthermore, it is the general rule that a judgment rendered by a court which lacks jurisdiction to hear a case does not have the effect of res judicata. *Muellenberg v. Joblinski*, 188 Minn. 398, 247 N.W. 570 (1933). Thus, it cannot now be argued that plaintiff's failure to assert his claims for reformation of the deeds and damages for breach of contract and fraud in a court which lacked subject-matter jurisdiction to hear those claims forever bars him from bringing those claims elsewhere.

If plaintiff could not have brought these claims at the county court level, then these are not claims which "might have been litigated" in plaintiff's original county court motion. Thus, plaintiff is not barred from bringing this action in district court. Cf. *Loomis v. Loomis*, 288 N.Y. 222, 42 N.E.2d 495 (1942). See, Annotation, 147 A.L.R. 196. See, also, *William Weisman Holding Co. v. Miller*, 152 Minn. 330, 188 N.W. 732 (1922).

2. *Collateral Estoppel.* If there is any issue which plaintiff had the opportunity to fully litigate in the county court action, the doctrine of collateral estoppel will preclude its relitigation here. *Gollner v. Cram*, 258 Minn. 8, 102 N.W.2d 521 (1960).

Defendant maintains that the instant action involves the same basic issues which were decided by the county court. Defendant contends that since the same issues were fully litigated and judgment was entered for defendant in county court, the matter was concluded and the issues cannot be relitigated in district court.

This argument is in error. If the doctrine of collateral estoppel is to apply in this case precluding plaintiff from relitigating issues which had been previously determined, the issues must be the same as those involved in the prior action and must have been necessary and essential to the resulting judgment. 1B Moore, Federal Practice (2 ed.) par. 0.443[1], p. 3901. If, however, "the judgment might have been based upon one or more of several grounds, but does not expressly rely upon any one of them, then none of them is conclusively established under the doctrine of collateral estoppel, since it is impossible for another court to tell which issue or issues were adjudged by the rendering court." Id. at p. 3915.

In the instant case, plaintiff attempted to acquire the Iowa land by amending the divorce decree under Rules 60.01 and 60.02.

"(c) The county court has jurisdiction to hear, try and determine any matter constituting a petty misdemeanor."

Minn.St. 487.19 provides: "Subdivision 1. The county court shall have concurrent jurisdiction in the following cases:

"(a) Proceedings for the administration of trust estates or actions relating thereto;

"(b) Proceedings for divorce, annulment, and separate maintenance, and actions related thereto, as prescribed by chapter 518;

"(c) Proceedings under the reciprocal enforcement of support act, sections 518.41 to 518.53;

"(d) Proceedings for adoption and change of name under chapter 259;

"(e) Proceedings to quiet title to real estate and real estate mortgage foreclosures by action; and

"(f) Proceedings for the determination of paternity of and establishment and enforcement of child support payments for an illegitimate child.

"Subd. 2. Any action within the jurisdiction of the county court commenced in the district court may be transferred to the county court for trial or other proceedings upon the motion of any party, or upon the motion of the district court.

"Subd. 3. Where the county court judge or judges in a county court district are disqualified from hearing a matter within concurrent jurisdiction of the county and district courts, or where the district court judge otherwise agrees to hear a matter, said matter shall be transferred to the district court for further proceedings."

7. Minn.St. 487.19, subd. 1(b).

As stated, the county court denied those motions. Although one basis for denying plaintiff's Rule 60 motions may have been the county court's determination that the parties never intended that plaintiff's decedent own the entire fee simple interest in the Iowa land, the orders denying plaintiff's motions were summary orders unaccompanied by memoranda and could have been based on several other grounds as well. One possible alternative ground for the county court's ruling could have been the belief that although there may have been a mistake or even fraud involved in this case, Rule 60 motions based on fraud, mistake, inadvertence, excusable neglect, or newly discovered evidence must be brought within 1 year after entry of the divorce decree,[8] and thus the county court was foreclosed from deciding the case under the rule.

This 1-year limitation does not apply to plaintiff's independent action in district court for reformation of the deeds and for damages for breach of contract and fraud.

Thus, because the county court's decisions were made in a summary manner and because there was more than one possible basis for the county court's ruling, plaintiff should be free to fully litigate this issue.[9]

Plaintiff's action in district court is not precluded by the doctrines of res judicata or collateral estoppel.

Res judicata should not apply as a bar in this case because the action for reformation of the deeds and for damages for breach of contract and fraud could not have been properly brought in a county court action. Collateral estoppel will not preclude the relitigation of issues which had previously been determined by the county court because there was more than one possible basis for the county court's denial of plaintiff's motions under Rules 60.01 and 60.02,

and thus no one issue was conclusively determined in that action.

Reversed and remanded for trial.

OTIS, J., took no part in the consideration or decision of this case.

---

**8.** Rule 60.02, Rules of Civil Procedure.

**9.** A further possible basis for denying relief in plaintiff's county court motions under Rule 60 could have been the county court's decision that Rule 60.02 could not be applied in any way to divorce cases. See, Rule 60.02, which states

in part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment (*other than a divorce decree*) * * *." (Italics supplied.)