**Arthur ROSEBERG, Respondent,**

v.

**Donald STEEN and Dorothy Steen, Appellants.**

**No. C5–84–1024.**

Court of Appeals of Minnesota.

Feb. 19, 1985.

James E. O'Gorman, Oistad & Opheim, Ada, for respondent.

Roger J. Minch, Tenneson, Serkland, Lundberg, Erickson & Marcil, Fargo, N.D., for appellants.

Heard, considered and decided by FO-LEY, P.J., and LANSING and NIEREN-GARTEN, JJ.

## OPINION

LANSING, Judge.

Don and Dorothy Steen appeal from the trial court's order terminating an escrow account and ordering the proceeds paid to respondent Arthur Roseberg. The escrow account resulted from a replevin action by Roseberg for possession of the Steens' 1983 PIK (payment in kind) wheat allotment. The grain was sold by agreement of the parties and the proceeds placed in escrow. We reverse and remand.

## FACTS

Respondent Arthur Roseberg loaned Donald and Dorothy Steen $30,000 on April 27, 1983. In exchange the Steens gave Roseberg a PIK assignment and power of attorney. The PIK assignment covered 7,698 bushels of wheat pledged as collateral for a Commodity Credit Corporation price support loan and was apparently in-tended as security for the Steens' obligation on the loan from Roseberg.

On May 2, 1983, the Steens filed a chapter 11 (reorganization) petition in bankruptcy court. On that day the automatic stay provided by section 362 of the bankruptcy code came into effect. See 11 U.S.C. § 362(a) (1982). The stay, applicable to all entities, bars *inter alia* actions taken to gain possession of property of the bankruptcy estate or to perfect liens against such property. See id. On July 18, 1983, Roseberg filed a financing statement in the Norman County Recorder's Office for his claimed security interest in the PIK wheat. Roseberg maintains that the Steens promised him he could take possession of the wheat from the government on the first day that the Steens would have been able to, August 18, 1983.

On August 25, 1983, Roseberg moved the bankruptcy court for relief from the automatic stay to allow him "to commence action as necessary to implement the procedures of the payment in kind program." On September 23, 1983, the bankruptcy court issued an order lifting the stay, after determining that the value of the Steens' underlying, outstanding obligation to Roseberg exceeded the value of the collateral securing it. The order stated that "in the event that the [Steens do] not voluntarily sign any documents required by the Commodity Credit Corporation (ASCS) relinquishing those PIK bushels to Dr. Roseberg, the Commodity Credit Corporation (ASCS) is authorized to complete the documentation without the [Steens'] signature." This order was not appealed, nor was any request made for clarification.

On January 3, 1984, Roseberg went to the Steens' property, accompanied by the Norman County sheriff, to obtain possession of the grain. The Steens refused to deliver it or allow Roseberg access to remove it. On January 7, 1984, Roseberg began a replevin action in state district court to obtain possession. Based on affidavits, the court issued an order directing the Norman County sheriff to enter the Steens' property and seize the grain. Af-

ter the grain was seized, the parties agreed that if the price were above the market price it could be sold and the proceeds placed in escrow.

On March 29, 1984, the Steens moved the bankruptcy court to vacate several previous orders, claiming they had been represented by incompetent, and in one instance unlicensed, counsel. They claimed the automatic stay should not have been lifted because Roseberg's security interest (unperfected at the time the Steens filed their bankruptcy petition) was inferior to the Steens' interest as bankruptcy trustees. The Steens did not present this argument to the bankruptcy court when they originally opposed the motion to lift the stay. The bankruptcy court refused to vacate any of the orders, including the September 23 order lifting the automatic stay.

Roseberg moved the court on April 16, 1984, to terminate the escrow fund so that the money could be paid to him. The trial court determined that the bankruptcy court's September 23 order lifting the automatic stay and authorizing the Commodity Credit Corporation to complete any documentation necessary to relinquish the grain to Roseberg resolved the issue of ownership of the grain. On that basis it ordered the escrow account terminated and the money paid to Roseberg. The Steens appeal from that order.

## ISSUE

1. Is an order terminating an escrow account and ordering payment of proceeds to respondent an appealable order?

2. Is the bankruptcy court's September 23 order, lifting the automatic stay and authorizing the Commodity Credit Corporation to complete any documentation necessary to relinquish the grain to Roseberg, res judicata on the issue of ownership of the grain?

## ANALYSIS

### I

■ Rule 103.03(e) of the Minnesota Rules of Civil Appellate Procedure authorizes an appeal "from an order which, in effect, determines the action and prevents a judgment from which an appeal might be taken." By finding that the bankruptcy court's order determined ownership of the grain and entitlement to sale proceeds, the trial court's order effectively determined the matter and prevented a judgment on the merits from which an appeal might have been taken. It was, therefore, an appealable order.

### II

■ Minnesota law recognizes two aspects of the doctrine of res judicata: (1) merger or bar, and (2) collateral estoppel. *See Hauser v. Mealey*, 263 N.W.2d 803, 806 (Minn.1978). The first, also known as estoppel by judgment, serves as an absolute bar to a subsequent suit on the same cause of action both as to matters actually litigated and as to other claims or defenses that might have been litigated. *Howe v. Nelson*, 271 Minn. 296, 301, 135 N.W.2d 687, 691 (1965). Collateral estoppel, the other aspect of res judicata, operates only as to matters actually litigated, determined by, and essential to a previous judgment. *Id.; Hauser v. Mealey*, 263 N.W.2d at 806. For a court's determination to constitute estoppel by judgment, a final judgment is required on the merits with respect to the same cause of action. *See, e.g., Rhodes v. Jones*, 351 F.2d 884, 886 (8th Cir.1965), *cert. denied*, 383 U.S. 919, 86 S.Ct. 914, 15 L.Ed.2d 673 (1966); *Hauser v. Mealey*, 263 N.W.2d at 807. If the judgment is favorable, a subsequent identical claim merges into it. *See* 4 D. McFarland, W. Keppel, Minnesota Civil Practice 115 (1979). In the case of an unfavorable judgment, the claim sued on is extinguished, and the decision is a bar to further litigation on the claim. *Id.*

■ Although the bankruptcy court's order is consistent with a determination that Roseberg is entitled to the grain, the order is not a final judgment on the merits. Made as part of an ongoing reorganization proceeding, it authorized the Commodity Credit Corporation to act regarding the

grain. There is nothing in the record to indicate whether the Commodity Credit Corporation completed the required documents or the effect of the documents if completed. In short, there was no final judgment rendered that conclusively determined the matter. Consequently, there is no judgment with which Roseberg's claim can merge.

Even if the claim is not merged, we must still decide whether the issue of ownership is determined by collateral estoppel. Application of collateral estoppel is appropriate when:

> (1) the issue [is] identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

*Ellis v. Minneapolis Commission on Civil Rights,* 319 N.W.2d 702, 704 (Minn.1982) (quoting *Victory Highway Village, Inc. v. Weaver,* 480 F.Supp. 71, 74 (D.Minn.1979)).

■ The same infirmities of the record discussed above present difficulties here. The bankruptcy court lifted the stay after determining that the value of the Steens' underlying, outstanding debt exceeded the value of the collateral securing it. This comports with § 362(d)(2) of the bankruptcy code, 11 U.S.C. § 362(d)(2) (1982), which allows the bankruptcy court to lift the stay if, after notice and a hearing, it determines that the debtor does not have equity in the property and the property is not necessary for an effective reorganization. Although such a determination would likely be premised on a conclusion that Roseberg had a valid security interest in the grain, entitling him to proceed against the collateral, no such conclusion is contained in the order, and it is not known whether the issue was raised or litigated at the hearing.

■ The determination of the validity of Roseberg's security interest as an implied predicate for lifting the automatic stay does not satisfy the requirements of collateral estoppel on the issue of ownership of the grain. In addition to identity of parties and finality of adjudication, collateral estoppel requires the party asserting it to establish "that the precise question was in fact presented and necessarily determined." *Sachs v. Jenista,* 296 Minn. 535, 537, 210 N.W.2d 45, 46–47 (1973).

■ The bankruptcy court's determination was part of an ongoing specialized proceeding, likely involving a number of creditors or at least a number of separate claims, all subject to negotiation and compromise. Considerations of ownership and the incentives to contest the validity of the security interest may have been different. Roseberg, who asserts that the issue of ownership was previously decided, carries the burden of proving that the Steens had a full and fair opportunity to be heard and that the issue was actually adjudicated. *See, e.g., Brooks Realty, Inc. v. Aetna Insurance Co.,* 268 Minn. 122, 125, 128 N.W.2d 151, 153 (1964). This burden is not fulfilled by the limited information presented in the bankruptcy court's order and memorandum or by the rest of the record before this court.

The Steens argue that if the matter is not res judicata, this court should rule that their interest in the grain is prior to Roseberg's security interest because Roseberg filed his security interest after the Steens filed their bankruptcy petition, and the perfection is thus void because it was taken in violation of the automatic stay. *See, e.g., Borg-Warner Acceptance Corp. v. Hall,* 685 F.2d 1306, 1308 (11th Cir.1982). They argue that the "lien creditor" status given them as bankruptcy trustees makes their interest superior to Roseberg's unperfected security interest. *See* 11 U.S.C. § 544(a)(1) (1982). This matter has not been litigated and should be properly raised before the trial court on remand.

## DECISION

We reverse the trial court's order terminating the escrow account and remand the case for consideration on the merits.

Reversed and remanded.