**In re the Marriage of Nancy M. ZICKE-FOOSE, f.k.a. Nancy M. Muntean, Petitioner, Respondent,**

v.

**Paul MUNTEAN, Jr., Appellant.**

**No. C3–86–1169.**

Court of Appeals of Minnesota.

Jan. 13, 1987.

Review Denied March 25, 1987.

Sharon Freiling, South St. Paul, for respondent.

Nancy G. Moehle, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and LESLIE, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Appellant Paul Muntean and respondent Nancy Zickefoose were divorced by a judgment and decree entered on April 15, 1981. Respondent brought a post-decree motion seeking an order holding appellant in contempt of court, awarding respondent $2,500 in alleged arrearages and unpaid child support and attorney fees. This appeal follows the trial court entry of such an order. We affirm.

## FACTS

The parties' marriage was dissolved in April 1981. The decree provided that appellant pay the sum of $200 per month in support for the parties' minor child. Respondent's attorney was directed to set up a trust fund to pay joint marital debts of the parties. These debts totaled $4,719.

The trust was to be funded with the parties' federal and state tax returns for 1980, up to the amount of $2,000. Additionally, respondent was ordered to deposit $1,700, appellant $1,000. The provision pertaining to the trust was eventually amended to provide that if either party failed to contribute to the trust fund the ordered sum of money, the amount remaining in the fund would be refunded to the contributing party. However, at the time of this amendment respondent had already paid $1,700 into the account and the $2,000 from the parties' income tax returns had been previously deposited as well. All these monies had been paid out to the parties' creditors. Consequently, despite appellant's failure to contribute, respondent did not receive any refund of her deposit. Additionally, since appellant did not contribute his required $1,000, marital debts of $1,019 remain outstanding.

Toward the beginning of 1982 appellant became unemployed and ineligible for unemployment compensation. Child support payments began to accrue from December 1981 through April 1982, totaling $900.00. Additionally, respondent desired to sell their former home and move out of Minnesota, yet could not do so while appellant held a $4,000 lien on the property. Because of these events the parties acted to modify the original decree.

Pursuant to stipulation by the parties an ex parte order amending the original decree was entered on April 15, 1982. The order allowed respondent to remove the parties' child from Minnesota, subject to appellant's right to visitation. In the event this took place child support would be reduced from $200 per month to $100 per month to facilitate implementation of appellant's visitation rights. To enable respondent to sell the parties' home, the order applied appellant's $4,000 lien on the property to his current child support obligation for 40 months commencing with the date of the order. The arrearages that had accrued prior to the order were not explicitly dealt with. The abatement of child support was to end on September 5, 1985, after which appellant was ordered to deposit $100 per month into an interest bearing account in the name of the parties' minor child. Appellant was to instruct the financial institution to forward periodic statements to respondent showing such deposits.

On April 21, 1986 respondent moved to hold appellant in contempt of court and for an award of $2,500 and attorney's fees. Respondent claimed appellant had failed to pay the required $1,000 into the trust account for payment of their marital debts and sought a $1,000 award. Respondent sought judgment of $900 in child support arrears that accrued prior to the 1982 modification and judgment of $600 in child support she claimed had accrued from the end of the period of the child support abatement. With respect to these later arrearages, respondent claimed she had received no proof of deposit of the required funds into an account in the parties' child's name. She further claimed that no such deposits had in fact been made. Respondent also moved for incorporation of an order for income withholding and cost-of-living adjustment into the decree. Finally, respondent sought $400 in attorney fees for

bringing the motion. Although appellant claimed that more than $600 had been deposited into an account for the parties' minor child, the trial court granted respondent's motion in all respects.

## ISSUE

Did the trial court properly award respondent $2,500 in arrearages and unpaid child support plus $400 attorney fees?

## ANALYSIS

Appellant claims the trial court erred when it awarded respondent $900 of unpaid child support. These arrearages accrued prior to the 1982 amendment of the parties' dissolution judgment and decree. Appellant argues the issue of those arrearages was merged into the 1982 amendment of the judgment and decree. Consequently, appellant asserts the court was barred from considering the issue by the principle of res judicata.

The general category of res judicata is divided into two separate components: (1) merger or bar, and (2) collateral estoppel. *Roseberg v. Steen*, 363 N.W.2d 102, 105 (Minn.Ct.App.1985). Merger or bar, known as estoppel by judgment, operates as to bar or merge a subsequent suit on the same cause of action as to matters actually litigated and as to other claims or defenses that may have been litigated. *Id.* Collateral estoppel applies only to matters actually litigated and essential to a previous judgment. *Id.* We find that respondent's motion for an order compelling payment of these arrearages is not barred under either theory.

█ Estoppel by judgment does not apply. The motion and stipulation by both parties to amend the judgment and decree is a totally different and distinct action from respondent's present motion to compel payment of child support arrearages. While the issues present in each action are similar and interrelated, the claims are distinct. This being the case, estoppel by judgment is inapplicable.

█ Collateral estoppel is inapplicable as well. The issue of these arrearages was neither actually litigated nor essential to the judgment entered. Thus, this theory of res judicata also does not act to bar respondent's claim.

Appellant cites two cases, *Bledsoe v. Bledsoe*, 344 N.W.2d 892 (Minn.Ct.App. 1984) and *Orman v. Orman*, 364 N.W.2d 836 (Minn.Ct.App.1985) (*pet. for rev. denied* May 31, 1985), in support of his position. These two cases are distinguishable. In both *Bledsoe* and *Orman* the issues in question had already been litigated and resolved in a previous proceeding. This is not the case here.

█ Appellant also disputes the trial court's award of $1,000 for the portion of marital debt allocated to him. Apportionment of marital debts between the respective parties is part of the property settlement. *Martin v. Martin*, 364 N.W.2d 475, 479 (Minn.Ct.App.1985). Such a property settlement is final and not subject to modification. Minn. Stat. § 518.64, subd. 2 (1984). Pursuant to this principle appellant claims the order requiring him to pay respondent $1,000 in satisfaction of his obligation for a specified portion of marital debts is an impermissible modification of the parties' property settlement. He bases this argument on the fact that the decree itself directs this money be paid into a trust account to be administered to pay off the parties' marital debts. Appellant reasons that direct payment is an impermissible modification of this provision of the parties property settlement. Appellant is incorrect, as no actual modification of the settlement has taken place.

█ The original judgment and decree provided for apportionment of marital debts. Pursuant to the decree, appellant was allotted $1,000 of specific existing debt. To ensure payment of this debt a trust account was ordered established and administered by respondent's attorney. This trust was established. Respondent contributed monies for her portion of allocated debt and the parties' 1980 tax returns were also similarly applied. This money

was paid out to creditors, the trust emptied and terminated. Appellant failed to make his mandated contribution, thus the debt allocated to appellant still exists.

The trial court's order directing appellant to pay respondent the owed money is merely interpretation and enforcement of the original decree. The decree required appellant to pay $1,000 of the parties' marital debts. The trial court has enforced that mandate. It was correct to do so.

Appellant finally claims the trial court's award of $600 to respondent for child support arrears that have accrued since the end of the abatement period is an impermissible modification of the parties' child support provision. Appellant argues that he is currently depositing and has deposited $100 a month in an interest bearing account in his minor child's name, as required by the amended decree. He further argues that by ordering him to pay this money to respondent the court has in effect doubled his support obligation. Appellant claims he is now obligated to pay $100 per month into an interest bearing account and obligated to pay $100 per month to respondent. By so increasing his support obligation without making the required findings under Minn. Stat. § 518.64 (1984) appellant claims the trial court has improperly modified his child support obligation.

 No such modification has taken place. Appellant has failed to provide the requisite proof that an interest bearing account in his minor child's name exists and that he is making the required contributions. The trial court apparently found that such payments were not being made. To ensure that they would be made the trial court ordered those support payments made directly to respondent. Such an order was appropriate.

Minn. Stat. § 518.14 (1984) allows for award of attorneys fees in dissolution cases. Such an award falls within the discretion of the trial court and will not be reversed unless abuse of that discretion is manifestly apparent. *Derence v. Derence,* 363 N.W.2d 86, 89 (Minn.Ct.App.1985).

The trial court acted within its discretion in making such an award.

### DECISION

The trial court properly awarded respondent $2,500 in arrearages and unpaid child support plus $400 attorney fees.

Affirmed.