**SMA SERVICES, INC., a Minnesota Corporation, d/b/a Susan Lee & Associates, Appellant,**

v.

**Gerald Allen WEAVER, Respondent.**

**No. C5–01–185.**

Court of Appeals of Minnesota.

Aug. 28, 2001.

Michael L. Perlman, St. Louis Park, MN, for appellant.

Paul W. Chamberlain, Chamberlain Law Firm, Wayzata, MN, for respondent.

Considered and decided by SHUMAKER, Presiding Judge, AMUNDSON and PARKER, Judges.*

## OPINION

SHUMAKER, Judge

Appellant SMA Services, Inc., challenges the district court's dismissal of its complaint premised on conversion of a corporate asset, arguing that the district court erred in ruling that the issue respecting the subject matter of the conversion claim had been determined in the marriage dissolution of the corporation's sole shareholder and, therefore, the claim is barred by res judicata.

## FACTS

During her marriage to respondent Gerald Weaver, Susan Weaver, now known as Susan Lee, formed appellant Minnesota corporation, SMA Services, Inc. Lee is the president, secretary, and sole shareholder of the corporation.

In October 1998, Lee removed Weaver's name from all SMA business accounts at the Excel Bank. On July 15, 1999, while the parties' marriage dissolution was pending, Weaver opened an additional SMA checking account and listed a new office address in care of himself. On August 3, 1999, Weaver requested that the bank transfer $25,000 from a legitimate SMA account to the new account Weaver had opened. The bank did so, relying on Weaver's falsification of authority to transact business on SMA's behalf.

When he learned of Weaver's withdrawal, Lee's attorney requested an emergency court hearing. After the hearing, the district court found that Weaver had no authority to withdraw funds from SMA's account and that Weaver was aware of the provisions of the temporary order restraining transactions with the parties' assets. The court ordered Weaver immediately to return the $25,000 to SMA and to cease all representations of involvement and all interference with the corporation. Despite the order, Weaver did not return the money to SMA.

Thereafter, Lee and Weaver negotiated a marital-termination agreement, which purported "to constitute a full, final and complete property settlement between the parties." During the negotiations, the parties' respective attorneys specifically discussed Weaver's $25,000 indebtedness to SMA, but did not specifically mention it in the agreement. The judgment incorporated the marital termination agreement, awarding SMA Services, Inc., to Lee and all amounts in Weaver's bank account to Weaver, and providing for the disposition of joint debts, separate debts, and undisclosed debts. The judgment is silent as to Weaver's $25,000 indebtedness to SMA. Judgment was entered on June 8, 2000.

On June 29, 2000, SMA sued Weaver for damages for conversion of $25,000 from

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

the SMA corporate bank account. Weaver moved to dismiss the action on the ground that the claim was barred by res judicata because it had previously been litigated and determined in the marriage dissolution between Weaver and Lee. SMA moved for summary judgment, contending that, because it was not a party to the dissolution, res judicata does not apply.

The district court denied SMA's motion and granted Weaver's motion, ruling that

[t]he issue before this court is the same issue addressed in prior litigation. The [p]laintiff in this case was given a full opportunity to be heard. The prior judgment was based on a stipulation between the parties. There is privity between the parties. Accordingly, the case before the court is barred under the doctrine of *res judicata.*

SMA challenges this ruling on appeal.

## ISSUE

While his marriage dissolution is pending, husband fraudulently obtains $25,000 from the bank account of a corporation in which wife is the sole shareholder, president, and secretary. Husband ignores the court's order to return the money. The parties engage in settlement negotiations in the dissolution and enter into a marital termination agreement, which is incorporated in the judgment. The agreement and the judgment are silent as to the $25,000. The corporation later sues husband for conversion of the $25,000. Is the claim barred by res judicata?

## ANALYSIS

■ Whether res judicata applies is a question of law, which we review de novo. *Hennepin County v. Hanneman,* 472 N.W.2d 149, 152 (Minn.App.1991), *review denied* (Minn. Aug. 29, 1991). Res judicata, or claim preclusion, bars all claims that were or should have been included in a

claim already adjudicated. *Hauser v. Mealey,* 263 N.W.2d 803, 806 (Minn.1978).

■ Res judicata may take the form of either merger or collateral estoppel. *Roseberg v. Steen,* 363 N.W.2d 102, 105 (Minn.App.1985). Merger, or bar, operates to preclude a subsequent lawsuit on the same cause of action as to matters actually litigated and as to other claims or defenses that could have been litigated. *Id.* Collateral estoppel only applies to issues actually litigated and that were essential to a previous judgment. *Id.*

■ In determining the applicability of res judicata, the court considers whether (1) there was a final judgment on the merits, (2) a second suit involves the same cause of action, and (3) the parties to both were identical or were in privity with identical parties. *Hauser,* 263 N.W.2d at 807. If any of the three elements is not satisfied, res judicata will not apply. Thus, SMA's June 29, 2000, complaint is barred by res judicata if it involves the same pertinent facts and law, the same claim as that determined in the marriage dissolution, and the same parties or persons in privity with those parties.

### 1. *Final Judgment on the Merits*

■ In the dissolution proceeding, Lee litigated the claim that Weaver converted $25,000 in funds belonging to the corporation that she owned. The temporary order of August 19, 1999, determined that Weaver had converted the funds and that he was obligated to repay them to the corporation. Because neither the order of August 19 nor its subject matter was mentioned in the final judgment, the order and its subject matter merged with the final judgment. *See Trutnau v. Trutnau,* 221 Minn. 462, 464, 22 N.W.2d 321, 322 (1946) (holding that where judgment is entered in a divorce case a prior order of the court

becomes merged in the judgment and decree and is unenforceable unless specifically referenced in the judgment) (citation omitted). Because a judgment is a final judgment on the merits, Lee's "conversion" claim was part of a final judgment. *See Markert v. Behm,* 394 N.W.2d 239, 242 (Minn.App.1986) (noting divorce decree is a final judgment on the merits).

2. *Same Claims*

■ "Two causes of action are the same when they involve the same set of factual circumstances or when the same evidence will sustain both actions." *Myers by Myers v. Price,* 463 N.W.2d 773, 777 (Minn.App.1990), *review denied* (Minn. Feb. 4, 1991); *see also Anderson v. Werner Continental, Inc.,* 363 N.W.2d 332, 335 (Minn.App.1985) (holding that claims are identical "if the same operative nucleus of facts is alleged in support of the claims"), *review denied* (Minn. June 24, 1985).

■ In the dissolution proceeding, Lee contended that Weaver illegally obtained the transfer to his personal bank account of $25,000 in funds belonging to Lee's corporation. In the conversion action, SMA contended that Weaver illegally obtained corporate funds to which he was not entitled. The same operative nucleus of facts supports both the claim in the dissolution proceeding and in the conversion action. *See Molenaar v. United Cattle Co.,* 553 N.W.2d 424, 430–31 (Minn.App.1996) (conversion is "an exercise of dominion over the property of another that deprives the owner of possession for an indefinite period of time."), *review denied* (Minn. Oct. 15, 1996). No matter what labels are used, the claims in both actions are the same and the same circumstances and evidence are involved for both.

3. *Same Parties*

■ Before res judicata will apply, the parties to the separate actions must either be identical or in privity with identical parties. *McMenomy v. Ryden,* 276 Minn. 55, 58, 148 N.W.2d 804, 807 (1967). "Privity"

> expresses the idea that as to certain matters and circumstances, people who are not parties to an action but who have interests affected by the judgment as to certain issues in the action are treated as if they were parties.

*Johnson v. Hunter,* 435 N.W.2d 821, 823 (Minn.App.1989), *rev'd in part on other grounds,* 447 N.W.2d 871, 876 (Minn.1989). Privies are those so connected with one another in law as to be identified with each other in interest.· *Id.*

> An individual who has full ownership of a corporation and is in complete control of its affairs is presumed to have a sufficient common interest to be in privity with the corporation.

*Miller v. Northwestern Nat'l Ins. Co.,* 354 N.W.2d 58, 62 (Minn.App.1984) (citations omitted). The parties to this appeal agree that privity is the controlling issue.

■ Although we recognize SMA is a separate legal entity, Lee solely owned and controlled that entity when she made the claim in the dissolution proceeding that Weaver illegally obtained corporate funds. Thus, under *Miller,* Lee was in privity with the same party making the claim in the conversion action. Furthermore, because of Lee's ownership of the corporation, SMA was an asset in the dissolution over which the district court had jurisdiction. *See* Minn.Stat. § 518.58, subd. 1 (2000) (court has jurisdiction over distribution of parties' marital property in dissolution proceedings).

**DECISION**

Because all three factors of res judicata have been satisfied, the district court did

not err in ruling that SMA Services, Inc., is precluded from bringing its conversion claim against Weaver.

**Affirmed.**