*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2110**


In the Matter of the Trust Agreement of
Eugene L. Johnson u/t/a dated December 22, 2008.


**Filed August 10, 2015
Affirmed
Halbrooks, Judge**


Hennepin County District Court
File No. 27-TR-CV-12-73

James F. Baldwin, Peter A. Koller, Moss & Barnett, P.A., Minneapolis, Minnesota (for appellants Donna Mae Johnson, Peggy J. Bleskacek, Rodney D. Johnson, and James G. Johnson)

Rodney J. Mason, Rodney J. Mason, Ltd., St. Paul, Minnesota (pro se respondent attorney)

Eric J. Skonnord, Inrelex Law Group, PLLC, St. Paul, Minnesota (pro se respondent attorney)

Bradley C. Johnson, Chanhassen, Minnesota (pro se respondent)

Considered and decided by Hooten, Presiding Judge; Halbrooks, Judge; and Toussaint, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**HALBROOKS**, Judge

Appellants Donna Mae Johnson, Peggy J. Bleskacek, Rodney D. Johnson, and James G. Johnson challenge two orders granting in part a petition for attorney fees and awarding attorney fees to respondents Rodney J. Mason and Eric J. Skonnord, counsel for Bradley Johnson in the district court action. Appellants argue that the district court (1) abused its discretion by awarding attorney fees, (2) erred by applying an incorrect standard for awarding attorney fees to be paid out of a trust, and (3) erred by finding that respondents' petition for attorney fees is not barred by res judicata and collateral estoppel. In their related appeal, respondents assert that the district court abused its discretion by not awarding attorney fees to them for representing Bradley Johnson in probate proceedings related to Eugene L. Johnson's estate. We affirm.

## FACTS

This appeal arises from a trust dispute in which the district court granted summary judgment to appellants and awarded attorney fees in part to respondents. The underlying facts are as follows.

Appellant Donna Mae Johnson and settlor Eugene L. Johnson were married for 58 years and had four children: Bradley Johnson, and appellants Peggy Bleskacek, Rodney Johnson, and James Johnson. Donna Mae and Eugene owned property as joint tenants with rights of survivorship. As part of their estate plan, Donna Mae and Eugene established the Eugene L. Johnson Revocable Trust. Donna Mae and Eugene drafted two quit-claim deeds that stated that an undivided one-half interest in the property would be

conveyed to the trust. The deeds were executed in October 2010 and January 2011, but they were not recorded with the Hennepin County recorder, and they remained in the possession of Donna Mae's and Eugene's attorney. Eugene died in May 2011 before Donna Mae and Eugene finalized their estate plan.

Donna Mae and the four children were beneficiaries of the trust, and the four children were appointed successor trustees. Three of the trustees agreed that Donna Mae and Eugene had not delivered the quit-claim deeds. These three trustees—appellants Peggy Bleskacek, Rodney Johnson, and James Johnson—executed a trustee deed that quit claimed any purported trust interest in the property. Bradley Johnson did not execute a trustee deed.

Bradley Johnson retained respondents Rodney Mason and Eric Skonnord to represent him and to file a petition for instructions on the trust property interests. In the petition, Bradley Johnson requested that the district court determine that the quit-claim deeds severed Donna Mae's joint tenancy to the property and order that his attorney fees be paid out of the trust. He also recorded notices of lis pendens with the office of the Hennepin County recorder. Appellants objected to the petition for instructions, moved for summary judgment on the petition, and moved to discharge the notices of lis pendens. Bradley Johnson moved to compel appellants to provide complete responses to discovery requests.

The district court granted summary judgment to appellants, discharged the notices of lis pendens, and denied Bradley Johnson's motion to compel. The district court found that Donna Mae and Eugene did not intend to deliver the quit-claim deeds and that

Bradley Johnson "raised no genuine issue of material fact as to whether there was effective delivery of the deeds to the Trust and severance of joint tenancy between Settlor and Donna Mae." The district court also found that the trust agreement unambiguously distributed any trust ownership interest in the property to Donna Mae.

Respondents filed a petition for attorney fees. Appellants argued that claim preclusion and issue preclusion barred respondents' petition. The district court found that the petition was not precluded because the district court had to consider new evidence, the issues were not identical to the issues decided at summary judgment, and the issues were not specifically determined in the summary-judgment order. The district court concluded that the trust agreement was "not sufficiently ambiguous to require litigation" but found that the petition for instructions was not brought in bad faith and that the litigation benefited the trust. The district court granted in part and denied in part respondents' petition for attorney fees, denying the attorney fees incurred while representing Bradley Johnson in separate probate proceedings. The district court ordered respondents to submit revised billing statements that reflected "only the work conducted for Bradley Johnson as co-trustee" and not "their representation of Bradley Johnson in his individual capacity."

The district court awarded attorney fees in the amount of $49,577.68 to respondent Rodney Mason and $13,819.74 to respondent Eric Skonnord. This appeal and related appeal follow.

4

**I.**

The first issue is whether the district court applied the correct legal standard to its attorney-fees determination. "Whether the district court applied the correct legal standard presents a question of law, which we review de novo." *Am. Bank of St. Paul v. City of Minneapolis*, 802 N.W.2d 781, 785 (Minn. App. 2011).

The district court found that the trust language was unambiguous but that respondents' petition for attorney fees was not automatically denied on that basis. Appellants rely on *In re Atwood's Trust* to argue that the correct legal standard is that attorney fees may be awarded to a trustee instigating litigation if there is "reasonable doubt" about the terms of the trust and if the trustee shows that the litigation is necessary to clarify ambiguous trust-instrument language. 227 Minn. 495, 500-01, 35 N.W.2d 736, 739-40 (1949). Respondents contend that the correct standard is whether the trustee properly brought the petition for instructions.

*Atwood's Trust* addressed whether a non-trustee beneficiary could receive attorney fees paid out of the trust. *Id.* at 497, 35 N.W.2d at 738. With regard to the standard for when attorney fees should be paid out of the trust, the supreme court stated, "It is well established that when trustees are in reasonable doubt as to their official duties or powers, they are entitled to instructions of the court . . . . Costs and reasonable counsel fees may be allowed to the trustees where instructions have been properly sought." *Id.* at 500, 35 N.W.2d at 739-40. The supreme court further stated, "It is also recognized that costs and attorneys' fees may be allowed out of the trust estate to any necessary party who is acting

5

primarily for the benefit of the estate in securing a clarification of ambiguous trust-instrument language where a reasonable doubt as to its meaning exists." *Id.* at 500, 35 N.W.2d at 740.

The supreme court recognized two distinct standards for determining whether attorney fees should be paid out of a trust—one standard for attorney fees incurred by trustees and another standard for fees incurred by non-trustees. *Compare In re Freeman's Trust*, 247 Minn. 50, 56, 75 N.W.2d 906, 910 (1956) (stating that there is "little dispute in the applicable law" regarding attorney fees for trustees and that the standard is that "[a] trustee is entitled to reasonable attorneys' fees, to be paid out of the trust estate, incurred in good faith in defending his administration of the trust"), *with In re Campbell's Trusts*, 258 N.W.2d 856, 868 (Minn. 1977) (stating that non-trustee beneficiaries should be awarded attorney fees out of the trust when "the trust instruments in dispute [are] sufficiently ambiguous to require litigation to establish their meaning and effect"). The "ambiguous" trust language standard only applies to non-trustees. *See Campbell's Trusts*, 258 N.W.2d at 868.

In its attorney-fees award, the district court properly considered whether (1) Bradley Johnson brought the petition in good faith, (2) the petition benefited the trust, and (3) the trust language was ambiguous. The district court also addressed whether Bradley Johnson had "reasonable doubt" as to his official trustee duties or powers in its discussion of whether Bradley Johnson brought the petition in good faith. Because caselaw requires "sufficiently ambiguous" trust language only when addressing attorney fees incurred by non-trustees, we conclude that the district court applied the correct legal

6

standard by determining that the trust's unambiguous terms did not alone warrant a denial of the petition for attorney fees on behalf of trustee Bradley Johnson.

## II.

We next consider whether the district court acted within its discretion by finding that Bradley Johnson (1) properly brought the petition because there was reasonable doubt as to his trustee duties, (2) brought the petition in good faith, and (3) brought it for the protection or benefit of the trust. *See Freeman's Trust*, 247 Minn. at 56, 75 N.W.2d at 910; *In re Margolis Revocable Trust*, 765 N.W.2d 919, 928 (Minn. App. 2009); *In re Trust Created by Hill*, 499 N.W.2d 475, 494 (Minn. App. 1993), *review denied* (Minn. July 15, 1993). "The determination of whether attorney fees will be chargeable to the trust is in the sound discretion of the district court." *In re Trusteeship of Williams*, 591 N.W.2d 743, 748 (Minn. App. 1999).

The district court found that Bradley Johnson properly brought the petition for instructions because he had "an honest belief and difference of opinion" as to whether the trust had an interest in the property. This finding is supported by caselaw. *See In re Great N. Iron Ore Props.*, 311 N.W.2d 488, 492 (Minn. 1981) (stating that "[n]othing in the record persuades us that the contrary positions of the [parties] were not the result of an honest difference of opinion" and that "[t]heir opposing contentions produced a reasonable doubt regarding the legal effect of the trust instrument and presented an issue that . . . demanded expeditious resolution").

The district court also found that Bradley Johnson provided documentation of the signed quit-claim deeds and consistently maintained that Donna Mae and Eugene

7

intended to deliver the deeds. The district court concluded that an order was necessary "to resolve factual and legal disputes." Because manifestation of intent to deliver a deed is usually a question of fact, *Graves v. Wayman*, 859 N.W.2d 791, 814 (Minn. 2015), and because the record supports Bradley Johnson's assertion that Donna Mae and Eugene executed quit-claim deeds conveying property interest to the trust, we conclude that the district court did not abuse its discretion by finding that the petition for instructions was properly brought. Based on its determination that Bradley Johnson properly brought the petition for instructions, the district court made the additional finding that Bradley Johnson did not instigate the litigation in bad faith.

The district court determined that the trust benefited from the litigation because the summary-judgment order clarified disputed trust language. The executed quit-claim deeds state that they convey an undivided one-half interest in the property to the trust. At a minimum, the petition for instructions and the summary-judgment order on that petition clarified that the deeds had not been delivered and established that the trust agreement unambiguously conveyed any property interest to Donna Mae. Therefore, the record supports the district court's conclusion that the petition benefited the trust overall.

Because the record supports the district court's findings, we conclude that the district court acted within its discretion by awarding in part respondents' attorney fees to be paid out of the trust.

8

## III.

Appellants argue that the district court erred by concluding that respondents' petition for attorney fees is not barred by res judicata or collateral estoppel. Res judicata, also known as claim preclusion,

> operates as an absolute bar to a subsequent claim when: (1) the earlier claim involved the same claim for relief; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; and (4) the estopped party had a full and fair opportunity to litigate the matter.

*State v. Joseph*, 636 N.W.2d 322, 327 (Minn. 2001) (footnote omitted). Collateral estoppel, also known as issue preclusion, "applies to specific legal issues that have been adjudicated." *Hauschildt v. Beckingham*, 686 N.W.2d 829, 837 (Minn. 2004). The requirements of issue preclusion are:

> (1) the issue must be identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or was in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

*Id.*

Although the doctrines "are sometimes used interchangeably, each doctrine is distinct in its effect."[1] *Id.* "Fundamental to both doctrines is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent suit between the same parties or their privies." *Id.*

---

[1] Historically, appellate courts "referred to res judicata as an umbrella doctrine encompassing the principles of" claim preclusion and issue preclusion, but our supreme court has recognized that res judicata "specifically refers to claim preclusion." *Joseph*, 636 N.W.2d at 326 n.1.

(alterations omitted) (quotations omitted). We review de novo a district court's determination regarding both claim preclusion and issue preclusion. *Rucker v. Schmidt*, 768 N.W.2d 408, 411 (Minn. App. 2009) (res judicata), *aff'd*, 794 N.W.2d 114 (Minn. 2011); *Barth v. Stenwick*, 761 N.W.2d 502, 507 (Minn. App. 2009) (collateral estoppel).

In the petition for instructions, Bradley Johnson requested that the district court award attorney fees to be paid out of the trust. In their objection to the petition, appellants asserted that the petition was without merit and that the request for attorney fees did not conform to the requirements of Minn. Gen. R. Pract. 119. Appellants moved for summary judgment and did not directly mention attorney fees in their summary-judgment motion. In its summary-judgment order, the district court did not address attorney fees. In response to respondents' subsequent petition for attorney fees, appellants asserted that respondents could not request reimbursement of attorney fees a second time because the earlier claim for attorney fees involved the same facts and parties, final judgment was entered on the earlier claim, and respondents had a full and fair opportunity to litigate the matter in the earlier claim. The district court ruled that it was not barred by either claim preclusion or issue preclusion.

The first prong of the claim-preclusion test is whether the earlier claim involved the same claim for relief. *Joseph*, 636 N.W.2d at 327. When addressing this prong, we look to whether the two claims arose from the same set of factual circumstances. *Hauser v. Mealey*, 263 N.W.2d 803, 807 (Minn. 1978). Here, the district court had to analyze new facts and evidence concerning the reasonableness of respondents' billing statements, Bradley Johnson's authority to hire respondents, and whether the petition was properly

10

brought in good faith and benefited the trust. Therefore, we conclude that appellants' claim-preclusion argument fails on the first prong.

The first prong of the issue-preclusion test is whether the issues are identical. *Hauschildt*, 686 N.W.2d at 837. Although the petition for instructions requested that the district court order "that Petitioner's attorney's fees, costs and disbursements be paid out of the Eugene L. Johnson Trust," the district court listed the issues as (1) whether the trust acquired an interest in the property through delivery of the quit-claim deeds, (2) whether it should discharge the notices of lis pendens, and (3) whether it should grant Bradley Johnson's motion to compel discovery. In its order, the district court addressed the issues of (1) whether the claim is barred and (2) whether respondents are entitled to attorney fees. Because the issues are not identical, we conclude that appellants' issue-preclusion argument fails on the first prong.

**IV.**

In their related appeal, respondents argue that the district court abused its discretion by determining that they should not be compensated by the trust for representing Bradley Johnson in probate proceedings concerning Eugene Johnson's estate. "It is within the sound and cautiously exercised discretion of the district court whether to award attorney fees and costs from a trust." *In re Trusts Created by Hormel*, 504 N.W.2d 505, 513 (Minn. App. 1993) (quotation omitted), *review denied* (Minn. Oct. 19, 1993). A "trustee may prosecute or defend actions, claims, or proceedings for the protection of trust assets and of the trustee in the performance of duties." Minn. Stat. § 501B.81, subd. 28 (2014). "[A] trustee may recover attorney[] fees only where those

fees are incurred in rendering a benefit to the trust estate." *Kronzer v. First Nat'l Bank of Minneapolis*, 305 Minn. 415, 430, 235 N.W.2d 187, 196 (1975).

Respondents assert that Bradley Johnson petitioned the probate court for relief in compliance with his trustee duties because Eugene had a pour-over will and the trust was the devisee of the estate's assets. Without citing to any evidence in the record, respondents allege that Donna Mae was disposing of estate assets and that Bradley Johnson filed a petition for formal probate of will to preserve trust assets. But the record demonstrates that the probate estate primarily consisted of five promissory notes that listed Bradley Johnson as the borrower and Eugene Johnson as the lender. These promissory notes were also the subject of a lawsuit between Bradley Johnson and Donna Mae. Based on this evidence, the district court's conclusion that Bradley Johnson's probate petition was for his personal benefit and not to protect trust assets is supported by the record.

Because respondents have failed to provide any evidence in the record that demonstrates that Donna Mae was disposing of trust assets or that the probate proceedings were for the benefit of the trust and because the limited record supports the district court's findings, we conclude that the district court acted within its discretion by denying respondents' request for attorney fees incurred through the probate proceedings.

**Affirmed.**

12