The appellant made a complaint in one of our criminal judicial district courts alleging that the defendant is the father of her illegitimate child aged 10 years, and praying that he be ordered to provide for the maintenance of the child. Parentage was not disputed; but the defendant had made a settlement with the complainant and had taken a release from her eight years earlier, and for this reason her complaint was dismissed.
The action was brought under Chapter 16 of Title 9 of the Revised Statutes, which enacts that "a child born out of wedlock shall be entitled to support and education from its father and mother to the same extent as if born in lawful wedlock." The statute also directs that "consideration shall be given to the age of the child and the ability and financial condition of the parent or parents." Proceedings to enforce this obligation may be maintained by one parent against the other before a magistrate or in a court exercising jurisdiction in bastardy proceedings pursuant to chapter 17 of the same title.
The duty of parents to support their infant child born in wedlock was said by Justice Depue to have been only a moral obligation at common law. Freeman v. Robinson, 38 N.J.L. 383
(S.C. 1876). See, also, Alling v. Alling, 52 N.J. Eq. 92
(Pitney, V.C., 1893); In re Ganey, 93 N.J. Eq. 389
(Fielder, V.C., 1921), and 39 Am. Jur., Par. Child, § 35et seq. But for more than a century we have had statutes, *Page 116 
both civil and criminal, implementing certain phases of that duty. The enactment that seems of primary importance in the present suit is R.S. 2:50-37, the section of the Divorce Act empowering the Chancery Division pending a divorce action, or after decree of divorce, to make an order "touching the care, custody, education and maintenance of the children." Another statute gives the court the same power when the parents live separately as when they are divorced. R.S. 9:2-3.
It seems to us that the Legislature, in the enactment of Chapter 16 of Title 9, intended that such a case as the one before us should be decided upon the same principles as if the parties had been married and divorced, or were living separately, and the mother having custody of the child were suing the father in the Chancery Division for its maintenance.
For eighty years before 1902, the Court of Chancery, upon granting a divorce, could not require the mother, but only the father, to pay for the support of their child. Rev. Laws 1820,p. 668, § 9. This restriction was omitted from P.L. 1902,c. 157, § 19, and the court directed to make such order "as the circumstances of the parties and the nature of the case shall render fit, reasonable and just." R.S. 2:50-37. The tendency to equalize the responsibility of parents may be seen in the 1921 amendment of the act concerning minors, inserting a provision that the parents "shall be equally charged with their (the children's) care, nurture, education and welfare." R.S. 9:2-4. As to the effect of such statutes generally, see annotation,131 A.L.R. 862. The trial court, in a proceeding under R.S.
9:16-2 and 3, must find guidance in the statutes that we have quoted. We now turn to the particular defense that was upheld by the court in the instant case.
In a proceeding brought at the time of the child's birth in 1938 under the Bastardy Act, Chapter 17 of Title 9, the defendant admitted that he was the father of the child and was ordered to pay to the Overseer of the Poor $3 weekly for the maintenance of the child and to give a bond to secure the payments. Two years later, the defendant paid the mother, the present appellant, $400 as a lump sum settlement and took from her a general release, reciting especially the order of *Page 117 
filiation. The magistrate, after a hearing, released the defendant from further liability under that order or under the bond executed by him. It is clear that the settlement and release did not prejudice the rights of the infant to look to his father for support. Wright v. Leupp, 70 N.J. Eq. 130 (Pitney,V.C., 1905); Zirk v. Nohr, 127 N.J.L. 217 (E. A. 1941). But the court below held that the release precluded the appellant from maintaining the action; that it was effectual against her right to demand that defendant contribute to the child's support. This, we think, is too narrow a view of the matter. The infant is not permitted to sue on the statute; the mother prosecutes for the benefit of the infant. If her suit is barred, the infant can have no benefit from the duty that defendant owes, unless the mother is destitute and the Overseer of the Poor initiates the action. Admittedly the appellant is not destitute. The payment of $400 and the release are factors entering into the situation, but they are not conclusive.
The statute gives original jurisdiction of this proceeding to the criminal district court, but the constitution gives a concurrent jurisdiction to the Superior Court. Article VI,section 3, paragraph 2. Since the action is more nearly akin to those ordinarily heard in the Chancery Division than to the usual business of a criminal district court, we have considered remanding it for further proceedings to the Chancery Division; but we have decided not to do so. The judgment will be reversed and the record remanded to the criminal district court for a new trial. *Page 118