**Mike McBROOM, d.b.a. McBroom Construction, Appellant,**

v.

**AL–CHROMA, INC. and Michael Peters, Respondents.**

**No. CO–85–2298.**

Court of Appeals of Minnesota.

May 6, 1986.

John E. Mack, New London, for appellant.

Eric Magnuson, John B. Lunseth, III, Jeanne H. Unger, Rider, Bennett, Egan & Arundel, Minneapolis, for respondents.

Heard, considered, and decided by WOZNIAK, P.J., and FOLEY and LANSING, JJ.

## OPINION

WOZNIAK, Judge.

Mike McBroom, d/b/a McBroom Construction, appeals from the trial court's dismissal, on the grounds of collateral estoppel, of two actions commenced by him against respondents Al-Chroma, Inc. and Michael Peters, and from an order awarding defendants costs and attorneys' fees. We affirm.

## FACTS

McBroom is a professional contractor in the business of constructing and color coating tennis courts. Respondent Al-Chroma, Inc., a Wisconsin corporation, sells tennis court color coating. Respondent Michael Peters is the president of Al-Chroma. These lawsuits arise out of the sale of color coating to McBroom by Al-Chroma in 1978.

In July 1980, before the commencement of either of the two lawsuits now before

this court, Al-Chroma brought suit against McBroom in the circuit court of Portage County, Wisconsin, to recover the unpaid balance on a note McBroom had given as consideration for goods and services purchased from Al-Chroma, including the color coatings sold in 1978. In his answer, McBroom alleged as an affirmative defense that the goods and services were defective.

The Wisconsin suit was tried to the court in Portage County in December of 1983. McBroom's attorney appeared to defend the action. There was considerable testimony by McBroom regarding his allegations that the cracking and peeling of numerous tennis courts he resurfaced in 1978 were caused by defective color coating purchased from Al-Chroma. The court found, however, that there was insufficient evidence to support the affirmative defense that the color coating was defective, and found McBroom liable for the unpaid balance on the note.

In August 1982, after the Wisconsin action was commenced but before it went to trial, McBroom commenced one of the actions now before this court, *McBroom v. Al-Chroma, Inc.*, in the district court for Kandiyohi County, Minnesota. In his complaint, McBroom alleged that the color coating sold by Al-Chroma was defective.

Following entry of judgment in the Wisconsin action, Al-Chroma sought to domesticate that judgment in Minnesota. McBroom brought a motion in Kandiyohi County District Court to vacate the Wisconsin judgment on the grounds that the Wisconsin court lacked personal jurisdiction over McBroom and that the judgment was therefore not entitled to full faith and credit. The motion was denied and the Wisconsin judgment was given full faith and credit in Minnesota in September 1984.

In February 1985, McBroom commenced the second lawsuit now before this court, *McBroom v. Peters.* The defendant in this action, Michael Peters, was at all relevant times president of Al-Chroma, Inc., and the substance of the complaint is virtually identical to that in *McBroom v. Al-Chroma, Inc.*

In May 1985, Al-Chroma and Peters moved to dismiss both actions commenced by McBroom on the grounds that McBroom was estopped from relitigating the issue already decided by the Wisconsin court. The district court, Kandiyohi County, granted defendants' motion and dismissed both cases, and assessed $200 in costs and attorney's fees against McBroom.

## ISSUES

1. Is appellant's action against Al-Chroma, Inc. barred by collateral estoppel?

2. Is appellant's action against Michael Peters barred by collateral estoppel?

3. Did the trial court abuse its discretion in awarding defendant costs and attorney's fees pursuant to Minn.Stat. § 549.21?

## ANALYSIS

■ 1. (a) This court must apply Wisconsin law to determine whether the two actions now before this court are barred by the res judicata effect of the Wisconsin judgment. In *Durfee v. Duke*, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963), the United States Supreme Court held that the full faith and credit clause of the United States Constitution (article IV, § 1):

generally requires every State to give to a judgment at least the *res judicata* effect which the judgment would be accorded in the State which rendered it.

*Id.* at 109, 84 S.Ct. at 244; *see also Matson v. Matson*, 333 N.W.2d 862, 867 (Minn.1983) (adopting *Durfee* rule); *Restatement (Second) of Conflict of Laws* § 95, comments a & g (1971) (rendering state's law of res judicata applies to judgments being enforced under the full faith and credit clause).

■ b. The doctrine of res judicata has two aspects. The first, merger and bar, operates to preclude a subsequent suit on *the same cause of action* which has already been determined by a previous judgment, regardless of what issues were actually raised or litigated in the previous suit. The other aspect of res judicata, the

doctrine of collateral estoppel, operates to preclude relitigation of *the same issues* which were actually litigated and necessary to the determination of a previous judgment, regardless of whether the previous suit was predicated on the same cause of action. *See Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d (1979); *Hauser v. Mealey,* 263 N.W.2d 803, 806 (Minn.1978). These hornbook principles have been applied by the Wisconsin courts. *See e.g., DePratt v. West Bend Mutual Insurance Co.,* 113 Wis.2d 306, 310, 334 N.W.2d 883, 885 (1983); *Heinz Plastic Mold Co. v. Continental Tool Corp.,* 114 Wis.2d 54, 337 N.W.2d 189 (Wis.Ct.App.1983).[1] Because these cases involve the same issues, but different causes of action, the applicable principle is collateral estoppel.

Under collateral estoppel, McBroom is precluded from making a claim against Al-Chroma for damages resulting from the allegedly defective product, since the issue of product defectiveness was previously litigated by McBroom as a defense to Al-Chroma's action on the note in Wisconsin.

■ Normally, where a defendant does not interpose a counterclaim even though he is entitled to do so, he is not thereby precluded from subsequently maintaining a second cause of action against the plaintiff on the cause of action which could have been set up as a counterclaim. Restatement of Judgments § 58 (1942).[2] The rationale for this rule is that the defendant should have the option of either interposing a claim as a counterclaim or of bringing a separate action against the plaintiff, and should not be required to assert his claim at the time and in the forum chosen by the plaintiff. *See* Restatement (Second) of

Judgments § 22, comment b (1982). However, comment c to section 58 of the Restatement of Judgments provides:

Where the same facts constitute a ground of defense to the plaintiff's claim and also a ground for a counterclaim, *and the defendant alleges these facts as a defense but not as a counterclaim,* and after litigation of the defense judgment is given for the plaintiff, the defendant is precluded from maintaining an action against the plaintiff based on these facts. *This is in accordance with the rule as to collateral estoppel stated in § 68, that where a question of fact essential to a judgment is actually litigated and determined by the judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action.*

(Emphasis added.) Illustration 7 to comment c provides an example of how this rule works in operation:

7. A, a physician, brings an action against B for medical services rendered to B. B in his answer alleges that A was negligent and that the services were of no value. After trial of this issue judgment is given for A. B is precluded from thereafter maintaining an action against A for damages caused to him by A's alleged malpractice.[3]

■ Illustration 7 is similar to this case. Al-Chroma ("A") sued McBroom ("B") for nonpayment of a note. McBroom in his answer alleged that the product was defective and not worth the price charged. After trial of this issue, judgment was given for Al-Chroma. McBroom is precluded from thereafter maintaining an action against Al-Chroma for damages caused by the allegedly defective product.

1. The Wisconsin courts, like other authorities, use the term "res judicata" to refer to the principle of merger and bar, as distinct from collateral estoppel. The Minnesota courts, on the other hand, use the term to refer generally to the doctrine of former adjudication which is comprised of the two principles of merger and bar and collateral estoppel. For the sake of consistency, we will use the Minnesota terminology.

2. Section 58 of the First Restatement, which corresponds to § 22 of the Second Restatement, was adopted by the Wisconsin Supreme Court in *Schwabe v. Chantilly, Inc.,* 67 Wis.2d 267, 226 N.W.2d 452 (1975).

3. Section 22, comment c of the Second Restatement contains virtually identical language and the identical illustration 7.

Under the doctrine of collateral estoppel, for an issue to be conclusively determined by a judgment for purposes of a subsequent action on a different cause of action, that issue must have been (a) actually litigated, and (b) necessary to the determination of the previous action. Both requirements are met here.

There can be no question that the issue of product defectiveness was actually litigated in the Wisconsin action. Testimony and evidence regarding the cracking and peeling of the tennis courts occupies 74 pages of trial transcript. The Wisconsin trial court expressly held that there was insufficient evidence to establish that the product was defective. It was also necessary to the determination of the suit. Failure or partial failure of consideration is a valid defense, to the extent of the failure, to an action on a note in Wisconsin. *See Haase v. Ramsey*, 10 Wis.2d 220, 102 N.W.2d 226 (1960).[4]

■ 2. Appellant's action against Michael Peters, president of Al-Chroma, is also barred by collateral estoppel.

a. It is hornbook law that the principles of res judicata bind the parties to the prior litigation and their privies. Section 39 of the Restatement (Second) of Judgments (1982) provides that:

> A person who is not a party to an action but who controls or substantially participates in the control of the presentation on behalf of a party is bound by the determination of issues as though he were a party.

The Wisconsin suit was brought by Al-Chroma, Inc. as plaintiff. At all relevant times during the pendency and litigation of the Wisconsin suit, Peters was the president of Al-Chroma. He was Al-Chroma's only witness at trial. He was clearly Al-Chroma's privy in the Wisconsin suit and McBroom is barred from bringing an action against him.

b. Appellant argues that his claim against Peters is not barred because it is premised on an allegation of personal fraud by Peters—an issue that was not litigated in Wisconsin. This argument fails for two reasons.

■ First, McBroom has not pleaded fraud and misrepresentation with the particularity required by Minn.R.Civ.P. 9.02. Rule 9.02 requires that "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Appellant's complaint in the Peters action merely alleges that the product was defective; that Peters knew this; that he "failed to advise" McBroom of "possible problems" with the product; and "that as a result of the application of the defective surfacing materials," McBroom suffered damages. He has not alleged the elements of intent, inducement, and reliance which must be pleaded in a complaint alleging fraud. *See Davis v. Re-Trac Manufacturing Corp.*, 276 Minn. 116, 149 N.W.2d 37 (1967); *Juster Steel v. Carlson Cos.*, 366 N.W.2d 616 (Minn.Ct.App.1985).

■ c. The second reason that appellant's action for personal fraud and misrepresentation must be dismissed is that this alleged "new issue" is not really a new issue at all. Appellant's fraud claim is predicated on the assumption that the product was defective and he will have to prove that the product was defective in order to prove his claim for fraud. However, appellant is bound by the Wisconsin court's determination that the product was *not* defective.

■ Appellant claims that additional facts have been uncovered since the conclusion of the Wisconsin suit. These alleged "facts" regarding alleged statements made by a Mr. Wang do not appear anywhere in the record before this court. Minnesota Rule of Civil Appellate Procedure 110.01

---

**4.** McBroom argues that since he was not *required* to raise the issue of failure of consideration, the issue was therefore not necessary to the determination of the previous action. This argument might have some validity if McBroom had not raised the issue in the Wisconsin action. He did raise it, however, and once raised as a defense its determination was necessary to the decision.

provides that "[t]he papers filed in the trial court, the exhibits, and the transcript of the proceedings, if any, shall constitute the record on appeal in all cases." This court cannot consider matters outside the record or matters not produced in the trial court. *Plowman v. Copeland, Buhl & Co.*, 261 N.W.2d 581 (Minn.1977).

3. The trial court awarded respondents costs and disbursements, plus $200 attorney's fees, pursuant to Minn. Stat. § 549.21. The scope of review of an award under this statute is whether the trial court abused its discretion. *Blattner v. Forster*, 322 N.W.2d 319 (Minn.1982); *Dinwiddie v. Dinwiddie*, 379 N.W.2d 227 (Minn.Ct.App.1985).

There was no such abuse of discretion here. Appellant's claims are very clearly barred by collateral estoppel. Both of the actions before this court are nothing but transparent attempts to relitigate the case he lost in Wisconsin. In his brief on appeal, appellant attempts to obfuscate the fact that, in both cases, he will have to prove that the color coating supplied by respondents was defective in order to prevail. This is precisely the issue already decided by the Wisconsin court.

## DECISION
The trial court is affirmed.