Tia Marie JOHNSON, Appellant
(C2–88–1765),

State of Minnesota, Appellant
(C2–88–2012),

v.

Terry Lee HUNTER, Respondent.

Nos. C2–88–1765, C2–88–2012.

Court of Appeals of Minnesota.

Feb. 7, 1989.
Review Granted April 24, 1989.

Thomas Foley, Ramsey Co. Atty., Brad A. Johnson, Asst. Ramsey Co. Atty., St. Paul, for Tia Marie Johnson.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas Foley, Ramsey Co. Atty., Brad Johnson, Asst. Ramsey Co. Atty., for State.

Jay P. Yunek, Fairmont, for Hunter.

Heard, considered and decided by FORSBERG, P.J., WOZNIAK, C.J., and STONE,* J.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

## OPINION

BRUCE C. STONE, Acting Judge.

This case is before the court as a consolidated appeal. Appellant Tia Marie Johnson appeals from a 1988 Ramsey County judgment dismissing her paternity action against respondent Terry Lee Hunter on the bases of res judicata and collateral estoppel. Appellant State of Minnesota appeals from a 1988 Hennepin County judgment refusing to vacate an order of dismissal with prejudice in a 1969 paternity action brought against Hunter by Tia's mother. The state also argues that the 1969 Hennepin County dismissal with prejudice was improper. Both parties present attorney fees issues. We affirm.

## FACTS

In 1969, appellant Tia Marie Johnson's mother, Stephanie Johnson Saunders, initiated a paternity action against respondent Terry Lee Hunter in Hennepin County. On the day of trial, Stephanie failed to appear, despite repeated efforts by the county attorney and a county social worker to locate her. The social worker also testified that Stephanie told him she did not want to pursue the action. The 1969 Hennepin County court dismissed the paternity action orally on the record with prejudice for failure to prosecute after Stephanie did not appear. The state did not appeal.

In May 1985, Stephanie Johnson Saunders initiated a paternity action against Hunter in Ramsey County. The Ramsey County court later substituted Tia Johnson, represented by a guardian ad litem, as the plaintiff.

In January 1988, Hunter obtained a Hennepin County order nunc pro tunc to 1969 dismissing with prejudice the 1969 paternity suit. Later at trial in Ramsey County, Hunter brought his second motion for dismissal on the basis of the 1988 order nunc pro tunc. Subsequently, the Ramsey County court dismissed the case as barred by res judicata and collateral estoppel. The trial court denied Hunter's motion for attorney fees.

In July, 1988, Tia Johnson moved the Hennepin County court to vacate the order nunc pro tunc and to enter a dismissal without prejudice, or in the alternative, to reinstate the 1969 action. The court denied the motion and assessed $1,000 in costs and attorney fees against the state.

## ISSUES

1. Did the 1969 trial court properly dismiss the 1969 action with prejudice?

2. Do the doctrines of res judicata and collateral estoppel bar the 1985 paternity action?

3. Did the trial courts err in deciding to award or refusing to award attorney fees?

## ANALYSIS

In deciding this case, we are not bound by the trial court's conclusions and may determine the issues independently. *See A.J. Chromy Construction Co. v. Commercial Mechanical Services, Inc.,* 260 N.W.2d 579, 582 (Minn.1977); *American Mutual Insurance Co. v. Honeywell, Inc.,* 422 N.W.2d 274, 275 (Minn.Ct.App.1988), *pet. for rev. denied* (Minn. June 10, 1988).

## 1. DISMISSAL WITH PREJUDICE

■ Viewing the evidence in the light most favorable to the order, the trial court did not abuse its discretion by involuntarily dismissing the 1969 action pursuant to Minn.R.Civ.P. 41.02(1). *See Zuleski v. Pipella,* 309 Minn. 585, 586, 245 N.W.2d 586, 587 (1976) (dismissal under Rule 41.02(1) is exercise of judicial discretion). Johnson argues that the 1969 Hennepin County order of dismissal with prejudice was improper because her mother did not have notice of the 1969 trial and was not subpoenaed to appear.

Dismissal with prejudice is the most punitive sanction a court can impose for the state's failure to prosecute. *Firoved v. General Motors Corp.,* 277 Minn. 278, 283, 152 N.W.2d 364, 368 (1967). Nevertheless, the 1969 court could have correctly dismissed the case for lack of prosecution

after the court called the case for trial. *See Jeurissen v. Harbeck,* 267 Minn. 559, 560, 127 N.W.2d 437, 437 (1964). Stephanie's apparent refusal or unwillingness to appear for trial was communicated to the county social worker before trial, and justified the 1969 court's dismissal with prejudice for failure to prosecute. *See O'Neil v. Kelly,* 307 Minn. 498, 499, 239 N.W.2d 231, 232 (1976).

## 2. RES JUDICATA/COLLATERAL ESTOPPEL

The doctrine of res judicata has two aspects: 1) merger and bar and 2) collateral estoppel. *Hauser v. Mealey,* 263 N.W.2d 803, 806 (Minn.1978); *McBroom v. Al-Chroma, Inc.,* 386 N.W.2d 369, 372 (Minn. Ct.App.1986). Merger and bar precludes subsequent suits on the same claim or cause of action regardless of the issues raised or litigated in the original action and is conclusive between parties and their privies. *Hauser,* 263 N.W.2d at 806. Collateral estoppel precludes relitigation of the issues that were actually litigated, determined by, and essential to the previous judgment. *Hauser,* 263 N.W.2d at 806; *McBroom,* 386 N.W.2d at 372–73. Application of collateral estoppel is appropriate when

> (1) the issue was identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

*Ellis v. Minneapolis Commission on Civil Rights,* 319 N.W.2d 702, 704 (Minn.1982) (quoting *Victory Highway Village, Inc. v. Weaver,* 480 F.Supp. 71, 74 (D.Minn.1979)). *See also Markert v. Behm,* 394 N.W.2d 239, 242 (Minn.Ct.App.1986). Johnson argues that the Ramsey County court incorrectly found that res judicata and collateral estoppel applied to bar her claim.

■ Res judicata, whether labeled merger and bar or collateral estoppel, precludes Tia's subsequent suit because it is the same claim and is being made by a party who was in privity with a party to the 1969 action. Tia argues that for privity to exist, precisely the same right must be involved in the second proceeding as was involved in the first proceeding. Tia contends that an adjudication of paternity would make her, but not her mother, eligible for benefits such as the father's workers' compensation. She argues that as a result her legal interests are not precisely the same as her mother's precluding a finding of privity.

(a) *Same parties/privity.* There is no precise definition of privity. The word privity expresses the idea that as to certain matters and circumstances, people who are not parties to an action but who have interests affected by the judgment as to certain issues in the action are treated as if they were parties. *Margo–Kraft Distributors, Inc. v. Minneapolis Gas Co.,* 294 Minn. 274, 278, 200 N.W.2d 45, 47 (1972). A party so identified in interest with another that she represented the same legal right is a privy. *See McMenomy v. Ryden,* 276 Minn. 55, 58–59, 148 N.W.2d 804, 807 (1967).

Here, Tia's mother was a party so identified in interest with Tia that she represented the same legal right. Thus, they were in privity in 1969. There is no evidence that Tia and her mother's interests were inconsistent, and if they were, a guardian ad litem should have been appointed to represent Tia. A finding that a separate action existed for Tia and her mother would be tantamount to saying there are two separate actions in each paternity proceeding and, perhaps, two inconsistent jury verdicts. We decline to make such a finding.

(b) *Prior judgment.* A dismissal with prejudice is an adjudication on the merits. *Firoved,* 277 Minn. at 283, 152 N.W.2d at 368. The 1969 dismissal with prejudice was an adjudication on the merits. Tia argues, however, that even if the dismissal with prejudice is an adjudication on the merits, lack of entry of a final judgment in Hennepin County before dismissal of the Ramsey County action prevents application of res judicata or collateral estoppel.

In general, a verdict does not operate as an estoppel until it becomes a judgment. *Ellis*, 319 N.W.2d at 704. If, however, a party acquiesces in a verdict, the verdict may operate as a judgment. *Id.* The state acquiesced in the 1969 verdict. The state never sought entry of a written order or a final judgment. It never appealed the order. Thus, despite the absence of a written order in 1969, the verdict operated as a judgment.

(c) *Same claims/issues.*

A judgment on the merits constitutes an absolute bar to a second suit for the same cause of action, and is conclusive between parties and privies, not only as to every matter which was actually litigated, *but also as to every matter which might have been litigated therein.*

*Youngstown Mines Corp. v. Prout*, 266 Minn. 450, 466, 124 N.W.2d 328, 340 (1963) (quoting *Veline v. Dahlquist*, 64 Minn. 119, 121, 66 N.W. 141, 142 (1896)) (citations omitted; emphasis added).

The 1969 judgment on the merits constitutes an absolute bar to Tia's paternity suit and is conclusive between Hunter and Tia, not only as to every matter which was actually litigated, but also as to every matter which might have been litigated in 1969. Tia's paternity action is the same action as the one Tia's mother brought in 1969. The issues to be decided are the same. It is barred by res judicata.

(d) *Opportunity to be heard.* Finally, despite Stephanie's absence from trial in 1969, all parties had an opportunity to be heard. *See Ellis*, 319 N.W.2d at 704. In 1969, all parties except Stephanie were prepared to proceed. Stephanie failed to appear but would have had an opportunity to be heard if she had chosen to appear. Her unexcused failure does not mean that she, and as a result Tia, did not have an opportunity to litigate the issue of paternity.

### 3. ATTORNEY FEES

A party may recover attorney fees pursuant to Minn.Stat. § 549.21 (1986). The state argues that the Hennepin County trial court erred in awarding Hunter $1,000 in costs and attorney fees for defending the state's motion to vacate the 1969 order. Hunter argues that the Ramsey County court erred in refusing to award him costs and attorney fees incurred in defending Tia's paternity action.

Although we may not have the same view of attorney fees in this matter, bearing in mind the trial courts' discretion in this field, we cannot find that either trial court abused that discretion in awarding or refusing to award attorney fees. *See Wicker v. City of Maplewood*, 386 N.W.2d 327 (Minn.Ct.App.1986).

### DECISION

The 1969 trial court's oral order of dismissal with prejudice was proper and operated as a bar to a child's subsequent paternity action. The trial courts did not err in their decisions concerning attorney fees.

AFFIRMED.