**Jeffrey GUZIEJKA p.p.a. Donna M. Guziejka**

v.

**Daniel G. DESGRANGES.**

No. 88–177–M.P.

Supreme Court of Rhode Island.

March 13, 1990.

Stephen C. Hanley, Chepachet, for plaintiff.

Peter A. Clarkin, Higgins, Cavanagh & Cooney, Providence, for defendant.

OPINION

WEISBERGER, Justice.

This case comes before us on a petition for certiorari filed by Daniel G. Desgranges (Daniel) who is alleged by Donna M. Guziejka (Donna) to be the natural father of Jeffrey Guziejka (the child) on whose behalf she brings this action. Daniel seeks review of an interlocutory order of the Family Court denying his motion for summary judgment. We deny the petition for certiorari. The facts of the case insofar as pertinent to this petition are as follows.

In 1982 Donna brought an action in the Commonwealth of Massachusetts against Daniel for enforcement of the duty to support dependents pursuant to Mass. Gen. Law Ann. ch. 273A (West 1970). The action was referred to the Family Court of the State of Rhode Island by virtue of the provisions of the Uniform Reciprocal Enforcement of Support Act (URESA). After the action was filed on or about December 20, 1982, Daniel sought discovery in accordance with the rules of the Family Court. Donna failed to comply with a request to produce certain documents. As the result of this failure to make discovery, Daniel moved to dismiss Donna's complaint. On October 14, 1983, a master of the Family Court issued a conditional order of dismissal for failure to comply with a prior order to compel. The conditional order of the dismissal became unconditional on November 14, 1983. Pursuant to the order of dismissal, judgment entered November 17, 1983, dismissing the action on its merits and rendering judgment for Daniel for costs. A motion to vacate the judgment of dismissal was later filed but was never heard or determined. On August 2, 1984, the parties filed a stipulation dated July 23, 1984, agreeing that the case might be dismissed.

Later Donna filed another URESA petition on August 21, 1986. Daniel moved for summary judgment, arguing that the second petition was barred by the doctrine of res judicata. After a hearing before the same general master, the motion for summary judgment was treated as a motion to dismiss and was granted. Judgment for Daniel was entered January 20, 1987.

A third action was brought on January 23, 1987, by Donna on behalf of the child Jeffrey who was then five years of age. This action seeks a declaration that Daniel is the child's natural father and seeks child support and the cost of prenatal and postnatal care. Daniel, after being served with the complaint and summons, moved for summary judgment on res judicata grounds, contending that the judgments entered in respect to the two prior petitions were conclusive of the rights of the child as well as of the mother. The general master

held that the two prior actions brought by Donna and dismissed with prejudice were not conclusive upon the rights of the child. Therefore, he entered an order dated April 22, 1987, denying Daniel's motion for summary judgment. Daniel appealed this order to a justice of the Family Court who affirmed the general master's order and remanded the case to the general master for further proceedings. Daniel filed a petition for writ of certiorari, which was duly granted by this court.

■ In support of his petition Daniel argues that the doctrine of res judicata operates as an absolute bar to a subsequent action when there exists "(1) identity of parties, (2) identity of issues and (3) finality of judgment." *Hebert v. Ventetuolo,* 480 A.2d 403, 405 (R.I.1984) (quoting *Air-lite Products, Inc. v. Gilbane Building Co.,* 115 R.I. 410, 422, 347 A.2d 623, 630 (1975)). We asserted in *Hebert* that "[w]hen the doctrine is invoked, it serves to render the prior judgment conclusive as to any issues that were raised or which could have been raised and litigated." 480 A.2d at 405–06 (citing *Zalobowski v. New England Teamsters and Trucking Industry Pension Fund,* 122 R.I. 609, 612, 410 A.2d 436, 437 (1980)). Daniel further argues that if an action is barred by res judicata, the appropriate procedural vehicle for bringing the action to conclusion is a motion for summary judgment. *Hebert,* 480 A.2d at 406; *Armstrong v. Armstrong,* 117 R.I. 83, 86, 362 A.2d 147, 149 (1976).

There is no question that in the case at bar Donna was the plaintiff or moving party in the two prior actions. It is equally clear that the major issues in the prior case were the declaration of paternity and the determination of support for the minor child.

Donna argues on behalf of the child that there was no "identity of parties" between the prior two actions and the present action for the purposes of res judicata. She points out that the Family Court determined in its findings of fact that this action is brought on behalf of the child, and therefore, the dismissal of the prior actions with

prejudice constitutes no bar to the present action. Although it is clear under Rhode Island law that an action to establish paternity and to require support may be brought by a mother on behalf of a minor child or by the public authority chargeable by law with the support of the child under G.L. 1956 (1988 Reenactment) § 15–8–2, some distinctions have been recognized by the Legislature and by this court concerning the time frame in which such actions may be brought.

Section 15–8–6 provides for a statute of limitations of four years from the birth of the child in respect to an action brought by either the mother or a public authority. However, the statute further provides for a limitations period that does not run until four years after the child reaches the age of majority in respect to an action "brought by or on behalf of a child whose paternity has not been determined." Under this statute we have held in *Spagnoulo v. Bisceglio*, 473 A.2d 285, 289 (R.I.1984), that an action brought on behalf of the child might be brought either four years after the birth of the child or four years after the child reaches the age of majority. Thus we recognize a distinction between an action brought by the mother or a public authority on the one hand and an action brought by or on behalf of a child on the other hand.

We are aware that the doctrine of res judicata is designed to bring an end to litigation and is a vital element of public policy in placing litigious disputes at rest. *See Corrado v. Providence Redevelopment Agency*, 113 R.I. 274, 277, 320 A.2d 331, 332 (1974). Many courts in other states have recognized that the doctrine of privity would bar an action brought on behalf of a child where a prior action brought either by the child's mother or a party authorized by statute to bring such an action had been litigated in respect to the issue of paternity and support. *See, e.g., Bill By and Through Bill v. Gossett*, 132 Ariz. 518, 647 P.2d 649 (Ct.App.1982); *T.R. v. A.W. by Pearson*, 470 N.E.2d 95 (Ind. Ct.App.1984); *O'Bannon for O'Bannon v. Azar*, 506 So.2d 522 (La. Ct. App.), *cert. denied*, 511 So.2d 1158 (1987); *Johnson v. Hunter*, 435 N.W.2d 821 (Minn. Ct. App.1989). All the foregoing cases were fully litigated and a final judgment rendered on the merits, save for *Johnson v. Hunter, supra*, in which a dismissal for failure to prosecute was considered to be a final judgment on the merits, and *Bill By and Through Bill v. Gossett, supra*, in which a consent agreement "on the merits" was held to bar a subsequent paternity action brought by the same party.

We are in agreement with the proposition enunciated in the foregoing cases that there exists a privity relationship between a mother or a public officer who brings a paternity action and the child, whether named in the action as a party or not. It would be unconscionable to allow repetitious litigation of the same issue solely on the ground that the formal party in interest is the child rather than the mother or a public officer who, whether explicitly or not, is representing the child's interest in respect to paternity and support. The distinction here should be one of substance and not of form. We recognize that cases in some jurisdictions have held that the child's interests vary from that of the mother or a public officer and include elements different from those parties. *See, e.g., Ex Parte Snow*, 508 So.2d 266 (Ala. 1987); *Department of Health and Rehabilitative Services v. Wyatt*, 475 So.2d 1332 (Fla. Dist. Ct.App.1985). We are of the opinion that these abstract or even substantive distinctions between the totality of rights in which a child may be interested, as opposed to the rights that are sought to be enforced by a mother or public official, would not justify the bringing of repetitious litigation of the issue of paternity that is central to all these actions. We are persuaded, however, that in the case at bar no trial was ever held and no evidence was ever presented, and in the prior cases the action was determined by reason of a procedural default on the part of the mother. We believe that this procedural default should not bar the right of the child to have one genuine opportunity to be heard. We are mindful that in the initial action, the procedural default was that of the mother

who still purports to be in control of the present litigation. We shall not subject Daniel to further harassment in an action by the mother without the presence of a responsible party to be certain that this litigation goes forward in earnest.

Consequently we order that in the remand of this case to the Family Court, a CASA attorney (Court Appointed Special Advocate) be appointed by the court as guardian ad litem. In conjunction with the mother's attorney, it will be the responsibility of this guardian ad litem to see to it that all the procedural obligations of the plaintiff child will be carried out in accordance with the rules of the Family Court. We also wish to state clearly that this will be the final opportunity in this jurisdiction for this child or anyone who seeks on his behalf to declare paternity to litigate this issue. We would also point out that this litigation will be limited to an attempt to establish paternity on behalf of the child and to provide for the child's support. The mother has forfeited any right that she might have had to reimbursement for expenses incident to her obstetrical care relating to the birth of the child.

For the reasons stated, the petition for certiorari is denied and dismissed. The writ heretofore issued is quashed, and the case is remanded to the Family Court with our decision endorsed thereon.

KELLEHER, J., did not participate.