Elaine A. TAXIERA, Petitioner,

v.

Frederick C. MALKUS, Respondent.

No. CS89–4345.

Family Court of Delaware,
Sussex County.

Submitted: July 9, 1990.
Decided: July 9, 1990.

James F. Waehler, Georgetown, for petitioner.

J. Glenn & A. O'Neal, Georgetown, for respondent.

## OPINION

ROBINSON, Judge.

This matter is before the Court on respondent's Motion to Dismiss a Petition for Paternity Determination. The salient issue—whether an action to determine parentage pursuant to 13 *Del.C.* Ch. 8 may be brought against the personal representative of a deceased individual—is apparently one of first impression in this jurisdiction.

The subject of the Petition for Paternity Determination is Leah Caroline Brown, who was born January 27, 1987. On September 1, 1989 her mother, Elaine Taxiera ("Taxiera"), who resides with the child in Millsboro, Delaware, filed in Delaware Family Court a Petition and Summons for Paternity Determination. The respondent is Frederick C. Malkus of Cambridge, Maryland, personal representative of the estate of Levi Travers Brown ("Brown"). The petition alleges that Brown, who died on October 2, 1986, is the father of Leah. The petition requests a judicial determination of paternity.

Respondent moves to dismiss the petition on the following grounds: (a) the action is barred by *res judicata;* (b) the petition fails to state a claim upon which relief can be granted; (c) the Family Court lacks jurisdiction over issues of descent and distribution; and (d) the Family Court lacks personal jurisdiction over the respondent.

On January 26, 1990 a Master of the Court denied the Motion to Dismiss and the respondent requested a *Review de Novo* from the Master's decision. The Court permitted the Review de Novo (Order of April 6, 1990) and the Motion to Dismiss was submitted to the Court upon the pleadings and briefs of counsel. For the reasons set out below, I have denied the Motion to

Dismiss and have directed that a hearing on the petition be scheduled.

## I.

The threshold issue is whether Delaware law permits a paternity determination by the Family Court apart from any ancillary request, such as support, custody, etc., and, if so, whether such an action will lie against a putative father who is deceased.

■ Delaware's version of the Uniform Parentage Act, 13 *Del.C.* Ch. 8, declares that a "parent and child relationship" is a legal relationship existing between a child and his or her parents, natural or adoptive, 13 *Del.C.* § 801, and provides that an action to determine the existence or non-existence of such a relationship may be brought by an interested party at any time. 13 *Del.C.* § 805(a).

The clear import of these provisions is that an action may be maintained for the sole purpose of determining parentage. Further, Sec. 812 of the Delaware Act, which deals with judgments and orders of the Family Court in parentage actions, after stating that a judicial determination of parentage is determinative for all purposes, goes on to provide that the judgment and order of the Court *may* contain other provisions relating to matters over which Family Court has jurisdiction, such as support and custody. 13 *Del.C.* § 812. But it in no wise limits the Family Court's determination of paternity to those cases in which it has authority to grant ancillary relief.

Forms adopted by the Family Court pursuant to its authority under 10 *Del.C.* § 907 to publish rules governing policies and processes of the Court reflect this understanding of the Act. Form 144 (revised March 1989), used by Taxiera, requests only a determination of paternity. Yet, in appropriate cases, the form has been used by petitioners also to request support, custody, or other matters within the Court's jurisdiction which flow from the existence of the parent-child relationship.

■ The Delaware Act specifically authorizes a personal representative of a deceased mother, a deceased alleged father, or a deceased child to bring an action at any time to determine whether or not a filial relationship exists. 13 *Del.C.* § 805(a). But it does not directly address whether such an action may be maintained against a putative deceased father. However, other provisions of Delaware law pertain to this issue.

Section 508 of Title 12 of the Delaware Code, which deals with decedent's estates, provides that for purposes of intestate succession, paternity may be established after the death of the father. Further, the section specifically provides that in such circumstances, paternity is to be established by a "preponderance of the evidence." This concern with the standard of proof required in such actions indicates that the Delaware legislature was cognizant of the difficulties inherent in proving paternity when the alleged father is deceased and the related danger of spurious claims against interstate estates. Nevertheless, the legislature chose to authorize such actions. *Compare Parham v. Hughes,* 441 U.S. 347, 99 S.Ct. 1742, 60 L.Ed.2d 269 (1979).

In addition to this provision, 10 *Del.C.* §§ 3701 and 3707 list the types of actions that do not survive the death of a party. Paternity is not included in the list of actions which abate, indicating that the action may be maintained against a personal representative of a deceased putative father.

The adoption of the Delaware Parentage Act does not appear to affect the policies set out in these sections. The Parentage Act was enacted subsequent to Section 508 and Sections 3701 and 3707. Thus, it is presumed that the legislature knew of these provisions when drafting and enacting Ch. 8 of Title 13. And when statutes can be construed together without conflict and effect given to all, it should be done. Doing so, it appears that the Delaware Family Court—the Court authorized to determine the existence of the parent-child relationship, may permit an adjudication to determine paternity against the representative of a decedent's estate. This understanding of the legislative scheme is reflected in the decision of the Delaware

Court of Chancery in *Wilmington Trust Co. v. Annan*, Del. Ch., 531 A.2d 1209 (1987). There, the Chancery Court was called upon to provide instructions as to whether purported illegitimate children should be included as beneficiaries under three trusts. The Court directed that certain claimants be included in the class of beneficiaries upon obtaining an adjudication of paternity in the appropriate jurisdiction.

## II.

■ Having determined that the petition raises a valid cause of action under Delaware law, the Court must consider whether the action is barred by *res judicata*.

Respondent asserts that a decision of the Honorable H. Chester Goudy, Jr., of the Circuit Court of Dorchester County, Maryland, in an action between these parties in the Circuit Court of Dorchester County, Maryland bars another action between the same parties in this Court. This is apparently the fourth paternity action which Taxiera has filed; the three previous actions have been in Maryland. However, only Judge Goudy's decision of June 1989 is cited as raising the doctrine of *res judicata*. *Taxiera v. Malkus*, Paternity No. 2257, June 15, 1989.

The action filed in the Circuit Court of Dorchester County, Maryland, abated because Judge Goudy determined that Court did not have the power to grant the relief requested by the petition—namely, child support payments funded by the estate of Levi Travers Brown, Jr. Judge Goudy never reached the issue of paternity.

Although the Complaint to Establish Paternity was dismissed the dismissal was premised upon the Court's inability to grant effective relief. Judge Goudy did not render a decision with respect to the paternity issue—an issue vital to a variety of legal rights. The entire controversy regarding the identity of the child's father was never presented and Taxiera was never given the opportunity to provide any evidence of paternity. Because the Maryland Court was incapable of determining the issue of paternity in the form in which it was requested and this Court is capable of determining the issue of paternity, the previous suit should not operate to abate the present one. *See Playtex Family Products, Inc. v. St. Paul Surplus Lines Insurance Co.*, Del.Super., 564 A.2d 681 (1989); *Guziejka v. Desgranges*, R.I.Sup., 571 A.2d 32 (1990) 16 F.L.R. 1246.; 1 Am. Jur.2d *Abatement, Survival, and Revival* § 16 (1962); Restatement (Second) of Judgments § 24, Comment a (1982); *See also* 50 C.J.S. *Judgments* § 649 (1947) (A party may maintain an action on a new theory as the legal effect on the same set of facts.)

## III.

■ Finally, respondent argues that this Court lacks jurisdiction over the respondent. As previously held, Delaware law permits paternity actions in the Family Court merely to establish paternity. Although respondent alleges that the motive behind the petition is to establish the infant as an heir to the deceased putative father's estate in Maryland, this has no bearing on this Court's jurisdictional bases. The impact this Court's decision may or may not have on the ultimate right to an inheritance does not preclude this Court from exercising the jurisdictional basis it possesses. 13 *Del.C.* § 807(a). In any event, such motive is hardly an impermissible one. Indeed, paternity determinations are frequently made in the context of inheritance claims and Delaware law specifically authorizes such actions. 12 *Del.C.* § 508; *Wilmington Trust Co. v. Annan, supra.*

The question of whether this Court may exercise personal jurisdiction over the respondent is one of fact. 13 *Del.C.* § 807(b). In order for this Court to determine whether it does have the right to exercise personal jurisdiction over the respondent, it must permit the submission of evidence in support of jurisdiction. This Court cannot dismiss the petition for want of jurisdiction until it assesses all the facts involved.

## IV.

In brief, the Petition for Paternity Determination states a valid cause of action

which this Court will consider; it is not barred by *res judicata;* this Court possesses *in rem* jurisdiction. The issue of *in personam* jurisdiction is one of fact and the Court will not dismiss the petition unless it is shown by the evidence that the Court lacks *in personam* jurisdiction.

Accordingly, respondent's Motion to Dismiss is denied and this matter shall be scheduled for hearing according to the regular processes of the Court.

IT IS SO ORDERED.